### 14884. ROGERS *v.* MARTIN.

STEPHENS, J. 1. The right to except to a verdict upon the ground of the opposite party's association with members of the jury pending the trial is waived when the party objecting had acquired knowledge of such fact before the jury retired. The ruling in *Rainy v. State,* 100 *Ga.* 82 (a criminal case), in which case it appears that the defendant's attorney, but not that the defendant himself, had such knowledge, is distinguishable.

2. Where the evidence adduced upon the hearing of a motion for a new trial presents an issue of fact as to whether there was an attempt to bring any undue influence to bear upon the jury, through the instru-

mentality of the respondent, a finding by the trial judge, against an exception to the verdict upon this ground, settles the facts adversely to the movant; and in this case the exception to the verdict upon such ground is not predicated upon any established facts, and therefore it does not appear that the court erred in overruling the motion for a new trial based upon such ground.

3. Where, in order to withhold from the jury all knowledge of the contents of a verdict rendered on a former trial of the case, counsel pasted a piece of paper over the verdict, which appeared to be written upon one of the papers submitted to the jury, and where the motion for a new trial raised an issue of fact as to whether the piece of paper was so pasted as to obscure the verdict entirely, and there was also an issue of fact as to whether the jury, if they obtained knowledge of the contents of the former verdict, did so by reason of the verdict not having been entirely obscured by the piece of paper pasted over it, or by reason of the piece of paper afterwards becoming unpasted, a finding by the trial judge against the ground that the contents of the former verdict had become revealed to the jury settles the fact adversely to the movant. In this case the exception to the verdict upon such ground is not predicated upon any established fact, and therefore it does not appear that the court erred in overruling the motion for a new trial based upon such ground.

4. The relationship by marriage of one of the jurors to the brother of one of the parties litigant does not amount to a disqualification of the juror.

> "The groom and bride each comes within
> The circle of the other's kin;
> But kin and kin are still no more
> Related than they were before."

Bleckley, C. J., in *Central Railroad & Banking Co.* v. *Roberts,* 91 *Ga.* 513, 517 (18 S. E. 315).

5. This being a litigation between two adjoining landowners, where the plaintiff seeks damages upon the ground that the natural flow of water from his land upon the defendant's land has been interfered with by the defendant, and there being evidence to sustain this contention, the verdict found for the plaintiff was authorized. *Goldsmith* v. *Elsas,* 53 *Ga.* 187.

6. The defendant's contention, that any alleged right of the plaintiff to the drainage of his premises by an artificial ditch upon the defendant's premises was a mere license and revocable by the defendant, is immaterial.     *Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 19, 1924.

Damages; from Whitfield superior court—Judge Tarver. June 2, 1923.

*W. E. & W. G. Mann,* for plaintiff in error.

*C. D. & F. K. McCutchen,* contra.