## 50746. BURKHALTER v. DeLOACH.

DEEN, Presiding Judge.

The vehicles of plaintiff and defendant, traveling at night on a paved road, sideswiped each other at some point near the center line. The evidence presented a jury question on the negligence of the parties, the plaintiff Burkhalter contending that the defendant was intoxicated and came over on her side of the road, hitting the side of her car, while the defendant appellee contended that the plaintiff had suffered a blowout, had not controlled her car, and it had hit his truck. The jury found in favor of the defendant and plaintiff appeals. *Held:*

1. There was unrestricted evidence as to the defendant's condition immediately after the collision, from some of which a finding that he was in fact intoxicated is sustainable. The court excluded over objection the results of an intoximeter test showing that the defendant's blood alcohol was 0.09%. At the time of the collision and of the trial of this case blood alcohol tests were controlled by Ga. L. 1968, Sec. 1, amending former Sec. 47(b)(2), (5) and (6) providing as follows: "(2) If there was at that time in excess of 0.05% but less than 0.10% by weight of alcohol in the defendant's blood, such fact shall not give rise to any presumption that the person was or was not under the influence of intoxicating liquor, but such fact may be considered with other competent evidence in determining whether the defendant was under the influence of intoxicating liquor . . . (5) The foregoing provisions of subsection (b) shall not be

construed as limiting the introduction of any other competent evidence bearing upon the question whether the person was under the influence of intoxicating liquor. (6) The result of any such test shall not be admissible in evidence against the defendant, and no record thereof shall be preserved, and no notation of the result of the test shall be made on the driver's license of the person tested, if the test does not indicate that there was, at the time of the test 0.10% or more by weight of alcohol in the blood of the person tested."

Since the test revealed less than 0.10% blood alcohol, the trial court properly sustained the objection of the defendant to introducing it in evidence. These sections apply to both civil and criminal cases. *Russell v. Pitts,* 105 Ga. App. 147, 150 (123 SE2d 708); *Harrison v. Lawhorne,* 130 Ga. App. 314 (2) (203 SE2d 292). The rule has been changed by Ga. L. 1974, pp. 633, 693; however, we cannot believe that the plaintiff was prejudiced because there was ample oral testimony, some of it by the same officers who had been present at the actual testing, as to the defendant's condition, and which testimony was admissible under subsection (5), supra.

2. Under our court Rule 18, briefs shall contain the argument and citation of authorities relied upon. Code § 24-3618 provides: "Any enumerated error which is not supported in the brief by citation of authority or argument shall be deemed to have been abandoned." See also *Johnson & Schultz v. Overnight Transportation Co.,* 128 Ga. App. 392 (1) (196 SE2d 681); *Flexible Products Co. v. Lavin,* 128 Ga. App. 80 (3) (195 SE2d 677). In view of the above we deem it unnecessary to discuss the error enumerated on an instruction regarding the last clear chance doctrine, except to say that thorough consideration of the record convinces us that no harm resulted to either side therefrom.

*Judgment affirmed. Evans and Stolz, JJ., concur.*

ARGUED MAY 21, 1975 — DECIDED JUNE 19, 1975.

*Hartley & McNatt, Hugh B. McNatt, Richard D.*

*Phillips,* for appellant.

*Kennedy & Sognier, John W. Sognier, John G. Kennedy,* for appellee.