## 52245. SEABOARD COAST LINE RAILROAD COMPANY v. DAVIS.

WEBB, Judge.

The husband of Willie Bell Davis suffered fatal injuries at about 3:00 p.m. on October 25, 1972 at a railroad crossing in Calhoun County, when the tractor which the decedent operated was struck by Seaboard's engine.

Mrs. Davis sought recovery from Seaboard on several different grounds of alleged negligence including failure to sound the horn on the train in the manner required by Code Ann. § 94-506; maintaining a public crossing in a dangerous condition; and failure to maintain records of when undergrowth on the right of way was cleared or inspected. She asked for damages of $75,000 for the wrongful death of her husband, the jury returned a verdict in her favor for $30,000, and Seaboard appeals.

Three nearby witnesses who heard the collision swore that the train horn did not blow; three of the railroad employees who were riding on the lead engine which hit the tractor testified that the horn was blowing, the bell was ringing, the light was burning, and that after the tractor was observed moving onto the track the engineer started blowing the horn in short blasts. The decedent's son, who was seated on a trailer pulled by the tractor, at about "walking speed," testified that as they approached the tracks he saw the train lights and hollered for his father to stop and back up, and he (the son) jumped off. ". . . When I jumped off, he was close to the railroad track, nearly to the first rail, and I told him to get it in gear; by the time he tried to get it in gear he made a mistake and got the wrong gear and the tractor jumped right on the track." The son did not know whether or not the train horn sounded. The train was approaching the crossing at 40 miles per hour or 58.67 feet per second. Seaboard's engineer testified that the time the decedent had to do anything was not more than three seconds, and another member of the crew estimated two to three seconds. There was evidence that weeds and undergrowth in the railroad's right of way obstructed the view of the

tracks from the road crossing.

1. Enumerations of error 1 through 10 involve questions of fact which were decided by the jury against the railroad. "A verdict should not be set aside or a new trial granted where the case had been fairly submitted to the jury on its merits and no rule of law violated nor manifest injustice done, even where there may appear to have been substantial evidence against the verdict, especially if the judge who tried the case is satisfied with the finding. [Cits.]" *Lurlee, Inc. v. Pernoshal-39 Co.,* 135 Ga. App. 724, 730 (7) (218 SE2d 701).

Counsel for the railroad urges us to abandon the "scintilla of evidence" rule and "once again go back to an examination of the evidence to determine if the evidence, as presented, justifies the jury verdict." This court has no such jurisdiction. Two centuries ago Justice Butler of the King's Bench announced the common law rule, "Whether there be any evidence, is a question for the judge. Whether sufficient evidence, is a question for the jury,"[1] to which this court is bound in civil cases. *Ga. R. &c. Co. v. Harris,* 1 Ga. App. 714, 716 (1) (57 SE 1076).

"Questions of negligence, contributory negligence, cause and proximate cause, whose negligence, and what negligence, including lack of care for one's own safety and lack of ordinary care in avoiding the consequences of another's negligence, are, except in plain, palpable and indisputable cases, solely for jury determination. [Cits.]" *Worn. v. Sea-Cold Services, Inc.,* 135 Ga. App. 256 (1) (217 SE2d 425). "The verdict in the amount rendered was authorized but not demanded; it constitutes a jury resolution of conflicting theories and is thus beyond the reach of this court." *Ayers Enterprises Ltd. v. Adams,* 131 Ga. App. 12, 18 (5) (205 SE2d 16).

2. Enumerations 11, 12, 13 and 14 complain that the trial court should have given four requested charges in the exact language of the requests. The charge as given by the court substantially covered the same principles. Since the repeal and re-enactment of Code Ann. § 70-207 (Ga.

---

[1] Company of Carpenters v. Hayward, 1 Doug. 374, 375, 99 Eng. Rep. 241 (K. B. 1780).

L. 1965, pp. 18, 31; as amended, 1968, pp. 1072, 1078), "There is presently no requirement in this State that the court instruct in the exact language of a request, even though the request may be correct as an abstract principle of law which is directly applicable to a material issue. [Cits.]" *Seagraves v. ABCO Mfg. Co.,* 121 Ga. App. 224, 226 (3) (173 SE2d 416); *Hardwick v. Price,* 114 Ga. App. 817, 821 (3) (152 SE2d 905).

3. Enumeration 15, dealing with the admission of certain photographs, is deemed to be abandoned since it is unsupported by citation of authority or argument. Court of Appeals Rule 18 (c) (2); Code Ann. § 24-3618; *Burkhalter v. DeLoach,* 135 Ga. App. 225, 226 (2) (217 SE2d 456).

4. At the present time we are not inclined to grant the motion for damages filed pursuant to Code Ann. § 6-1801.

*Judgment affirmed. Deen, P. J., and Quillian, J., concur.*

ARGUED MAY 24, 1976 — DECIDED
JUNE 23, 1976.

*Conger & Conger, J. Willis Conger,* for appellant.
*Watson, Spence, Lowe & Chambless, Frank H. Lowe, Jr.,* for appellee.