## 57701. DABNEY v. AMMONS.

BIRDSONG, Judge.

Personal injury. The appellant, plaintiff below, was involved in an auto collision with a car operated by the appellee, Ammons. Ammons rear-ended the car being operated by Ms. Dabney. At trial, Ammons admitted liability, but sought to minimize damages. There was evidence that Ms. Dabney suffered a "whiplash" type injury with resulting muscle spasms. There was also evidence that she had a congenital scoliosis. A chiropractor was called as an expert and testified that he treated Ms. Dabney and attributed the muscle spasms to the trauma suffered in the collision. He also testified that he treated her for the scoliosis. The witness testified that Ms. Dabney was disabled as a result of the collision for a period of approximately two months. He also testified that he was paid by Ms. Dabney's no-fault insurer a sum in

excess of $1,300 for medical services, a fact corroborated by the insurer. In his charge, the trial court charged the jury that it would have to find a "serious injury" before Ms. Dabney would be entitled to recover any pain and suffering (i.e., noneconomic) damages. In his definition, he told the jury that reasonably incurred medical expenses exceeding $500, or an injury resulting in disability for not less than ten days was, as a matter of law, a serious injury. Ms. Dabney objected to this charge, arguing that the uncontradicted evidence showed a serious injury and that issue should not have been submitted to the jury. The jury returned a verdict in favor of the defendant, Ammons. Ms. Dabney moved for a new trial which was denied. It is the denial of that motion that furnishes the ground of the single enumeration of error. *Held:*

From the testimony of the chiropractor, the jury could find that Ms. Dabney was "disabled" for two months and that her "injuries" resulted in medical payments of more than $500 as a result of the treatment by the chiropractor for the congenital scoliosis and that the muscle spasms were not a direct or sole product of the collision but of the scoliosis.

There being a question for the jury whether the disability and medical costs were attributable to the congenital defect rather than the accident, it was not error for the trial court to require the jury to determine the threshold issue of "serious injury" so as to authorize a recovery for noneconomic losses. The trier of fact was not required to accept the opinion of the chiropractor that the muscle spasms were attributable solely to the accident where the witness further testified that some significant portion of the treatment was due solely to the scoliosis. The trier of fact is always free to reject expert testimony. *Birge v. State,* 142 Ga. App. 735, 737 (1) (236 SE2d 906).

In the absence of a "serious injury" the jury would not have been warranted in awarding Ms. Dabney any damage for noneconomic losses under "no-fault" coverage. It follows that the jury verdict was supported by some evidence. Where there is some evidence to support the verdict and judgment, this court will not substitute its

judgment for that of the trial court. *Thompson v. Hill,* 143 Ga. App. 272, 276 (238 SE2d 271). The trial court did not err in denying the motion for new trial.

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

ARGUED APRIL 5, 1979 — DECIDED JULY 13, 1979.

Flemister, Jewett, Baird & Slotin, C. Lawrence Jewett, for appellant.

Dennis, Corry, Webb, Carlock & Williams, Dennis J. Webb, Ed Mangiafico, for appellee.