## 58635. MOORE v. KELLER.

SMITH, Judge.

Following an unfavorable verdict in his tort action, appellant moved for a new trial on the ground that one of the jurors was disqualified. The trial court denied the motion. We affirm.

In proceeding to qualify the prospective panel of jurors, the trial court asked the following question: "Is any juror an officer, agent, employee, policyholder, or related to a policyholder in the State Farm Mutual Auto Insurance Company? If you are, would you stand and state your name . . ." In response to this question, several prospective jurors stood and gave their names. A panel of 24 jurors was selected from the remaining individuals. One of those remaining, Ronald Henry Middlebrooks, was impaneled to hear appellant's case. Following an unfavorable verdict, appellant moved for a new trial, asserting that Mr. Middlebrooks' mother was a State Farm policyholder and that Mr. Middlebrooks was an insured under the policy. The trial court overruled the motion.

Appellant attempted to establish that Mr. Middlebrooks' mother was a State Farm policyholder and that Mr. Middlebrooks was an insured under the policy by submitting Mr. Middlebrooks' affidavit. "The only evidence as to the alleged disqualification of a juror was an affidavit of the juror himself; and it is well settled that a juror will not be heard to impeach his verdict by showing his own incompetency or disqualification." *Peagler v. Huey,* 183 Ga. 677 (3) (188 SE 906) (1936); *Reece v. State,* 208 Ga. 690, 691 (69 SE2d 92) (1952). The trial court did not err in overruling appellant's motion for new trial.

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

SUBMITTED OCTOBER 17, 1979 — DECIDED FEBRUARY 28, 1980.

*W. Carl Reynolds, Malcolm G. Lindley,* for appellant. *John C. Edwards,* for appellee.