60156. GLENNVILLE WOOD PRESERVING COMPANY, INC.
v. RIDDLESPUR et al.
60157. TODD v. RIDDLESPUR et al.

QUILLIAN, Presiding Judge.
These are suits for damages arising from vehicular collisions. Cyril Burkhalter was driving along a highway during daylight hours, followed by Ennis Todd who was followed by Linda Riddlespur. The three drivers testified that they drove into a cloud of steam lying across the highway which Burkhalter said was coming from the operations of the Glennville Wood Preserving Company (hereafter Glennville) located adjacent to the highway. When Burkhalter entered the steam he slowed down, Todd slowed down but bumped the rear of Burkhalter's vehicle with his. Riddlespur's vehicle then collided with the rear of Todd's causing it to again strike Burkhalter's. Injuries were sustained by Riddlespur and Todd. Riddlespur brought suit against Glennville, Todd and Burkhalter, but dismissed Todd and Burkhalter prior to trial. Todd cross-claimed against Glenville and counterclaimed against Riddlespur. Trial by jury resulted in verdicts for Riddlespur and Todd against Glennville for $10,000 each, and no recovery by Todd in his counterclaim against Riddlespur. Glennville moved for a new trial and filed notice of appeal after denial thereof. Todd did not move for a new trial on the verdict against him in his counterclaim against Riddlespur and did not file notice of appeal within 30 days of judgment thereon. Within 15 days after Glennville's notice of appeal was filed, Todd filed notice of cross appeal of his counterclaim against Riddlespur, who moves to dismiss the cross appeal as not timely filed. *Held:*

1. Since a cross appeal cannot be made against a party who is not an appellant, we dismiss Todd's appeal as not timely filed.

"A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of . . ., but when a motion for a new trial, or a motion in arrest of judgment, or a motion

for judgment notwithstanding the verdict has been filed, the notice shall be filed within 30 days after the entry of the order granting, overruling or otherwise finally disposing of the motion. In civil cases, the appellee may institute cross appeal by filing notice thereof within 15 days from service of the notice of appeal by appellant, and the appellee may present for adjudication on the cross appeal all errors or rulings adversely affecting him, and in no case shall appellee be required to institute an independent appeal on his own right, although the appellee may at his option file an independent appeal." Code Ann. § 6-803 (Ga. L. 1965, pp. 18, 21; 1966, pp. 493, 496; 1968, pp. 1072, 1077.)

An appellee becomes such when an appeal is taken against him by the appellant. An appellee is "[t]he party in a cause against whom an appeal is taken." Black's Law Dictionary, 4th Ed., p. 126. By definition a party cannot cross appeal, if the party he wishes to complain against is not an appellant. He can take a direct appeal if he files within the prescribed statutory time limits.

Since Todd did not timely file a direct appeal against Riddlespur from the adverse judgment in his claim against her, he has lost the right to make any appeal. Glennville's notice of appeal against Todd and Riddlespur does not create Riddlespur an appellant as to Todd. Compare the reasoning of *Guthrie v. Boose,* 134 Ga. App. 282 (3) (213 SE2d 924), where it was said: "When a plaintiff sues multiple defendants whose separate acts of negligence are alleged to have concurred in causing the plaintiff's injury, and at the trial the jury finds in favor of one defendant and against the other, the grant of a new trial to the complaining defendant against whom verdict and judgment were rendered will not affect the defendant in whose favor a verdict was returned so as to compel that defendant to reenter the litigation and participate in another trial if the co-defendant's appeal is successful. *Gordon v. Johnson,* 114 Ga. App. 207 (150 SE2d 461); *Durrett v. Farrar,* 130 Ga. App. 298, 301 (203 SE2d 265); *Brissette v. Munday,* 222 Ga. 162 (149 SE2d 110). It follows that after the original verdict and judgment the case has been finally disposed of and is no longer pending against the successful defendant. This being so, if any party to the litigation seeks a new trial against the successful defendant, the motion must be filed within 30 days after the entry of judgment on the verdict. Code Ann. § 70-301." Id. at 284.

The remaining divisions of this opinion relate only to the contentions of appellant Glennville.

2. In support of a motion for a new trial appellant produced an affidavit from a juror which stated that she made no response when asked on voir dire if she knew about the case or had any knowledge of it, when for a day or two she had kept Riddlespur's dogs which she

understood were in Riddlespur's vehicle and were brought to her home from the scene of the collision; that the dogs were picked up from her home by a relative of Riddlespur's; and that she received a thank you note from Riddlespur for caring for the dogs. She did not respond to the question with this information because the judge had just told another juror that being a friend of a party did not make any difference and she did not want the judge to think she was trying to get out of serving. She also stated that she lived in the vicinity of appellant Glennville's place of business and prior to trial had seen steam therefrom so thick it was impossible to drive through it. In a subsequent affidavit the juror added that she was not at the scene of the collision, that her husband had brought the dogs home from the scene, and that prior to trial she had never seen or talked with Riddlespur, nor had any knowledge of the facts of the case. Appellant claims error because of the denial of a new trial on this ground.

Under the circumstances we do not find that the juror's failure to respond to the question could reasonably be an indication of bias as was found in *Pierce v. Altman,* 147 Ga. App. 22 (248 SE2d 34), where a juror, when asked, failed to respond that he had been a defendant in a personal injury suit.

In addition, affidavits of jurors' may not be used to impeach their verdicts. Code Ann. § 110-109. "The trial judge cannot receive, hear, or consider affidavits of jurors submitted for the purpose of impeaching their verdict. [Cits.]" *Campbell v. State,* 143 Ga. App. 445, 446 (238 SE2d 576).

" 'The only evidence as to the alleged disqualification of a juror was an affidavit of the juror himself; and it is well settled that a juror will not be heard to impeach his verdict by showing his own incompetency or disqualification.' [Cits.]" *Moore v. Keller,* 153 Ga. App. 651 (266 SE2d 325).

The trial court did not err in refusing a new trial on this ground.

3. In support of the motion for a new trial appellant also presented non-juror affidavits that an attorney for appellee Riddlespur had a conversation with a juror in the case during a recess of the trial. The attorney responded with an affidavit that he was an attorney of record in the case, was present during the trial but did not sit at the counsel table and did not actively participate in the trial; that a man whom he subsequently realized was a juror had spoken to him in the men's room during the trial; and that since the conversation was no more than an exchange of greetings and did not relate to the case being tried, he did not feel it was necessary to bring it to the court's attention. Appellant contends that the trial court erred in not granting a new trial because of this conduct.

Where a motion for mistrial because the plaintiff and one of the

jurors conversed during a recess was denied, this court said: "[T]he evidence . . . affirmatively reveals that the plaintiff and the juror did not converse concerning the case or in reference to any matter that could have affected a fair trial of the same. This being a civil case, the trial judge did not commit reversible error in denying the motion. [Cits.]" *Emory University v. Lee,* 97 Ga. App. 680 (2), 693 (104 SE2d 234). We likewise find no error here.

4. The only evidence to support appellee Riddlespur's claim for medical expenses was her own testimony that they were about $9,938. Prior to that she testified about the injuries she received from the collision, the treatment received from several physicians, and her periods of hospitalization. Appellant did not object to the question prompting the answer of the amount of medical expenses but moved to have the answer excluded because it had not been shown that the medical expense was the result of the injuries incurred in the collision. The motion was denied. When Riddlespur was cross examined by appellant's counsel, no inquiry was made concerning whether the injuries were the cause of the medical expense. At the close of the evidence, appellant renewed the motion to exclude Riddlespur's testimony of the medical expenses on the same ground and added the ground that her testimony was not the best evidence of the amount of the medical bills. The motion was again denied.

Appellant claims the trial court erred in denying its motion for a new trial on the grounds that the evidence was insufficient to support the verdict of $10,000 in favor of appellee Riddlespur; that her testimony of $9,938 medical expenses was not sufficient to permit the jury to calculate the amount of her loss with a reasonable degree of certainty; that the trial court erred in overruling appellant's objection to the question of how much the medical expenses were and the answer thereto; and that the court erred in denying the motion to exclude the testimony because the evidence was insufficient to show that the $9,938 of expenses were caused by the collision and because the testimony was not the best evidence of the expenses.

We do not find appellant's contentions meritorious. How much of the $10,000 verdict included special damages for medical expenses or was for general damages cannot be determined. In any event, there was sufficient testimonial predicate for Riddlespur to state the total amount of her medical expenses. She testified concerning the nature of her injuries and her treatment and hospitalization, all without objection. After failing to exclude her testimony as to the amount of her expenses, appellant's counsel in cross examination asked no questions concerning the amount of the medical expenses or their relation to the injuries sustained, as he had the right to do. We find that the evidence was sufficient to authorize the jury to find that the

expense was related to the injuries. Compare, *Atlanta Transit System v. Smith,* 141 Ga. App. 87 (1) (232 SE2d 580).

The best evidence objection, in addition to being belated, was also not proper. Code Ann. § 38-203 relates to proving the contents of writings. No writings were in issue here although appellant assumes Riddlespur's testimony was derived from medical bills. There may have been several different bases for the testimony of the fact of how much the medical expenses were, including the contents of medical bills, but appellant's counsel did not avail himself of the opportunity to find out by cross examination. *" 'Where the existence of a fact is the question at issue and not the contents of a writing, then oral and written evidence of the fact may both be primary evidence.' " Willingham v. State,* 134 Ga. App. 603, 606 (215 SE2d 521).

The trial court did not err in refusing to exclude Riddlespur's testimony of her total medical expenses.

5. Appellant contends that the trial court erred in overruling objections to two questions by counsel for appellee Riddlespur because they called for conclusions. The first was directed to appellee Todd and was whether Riddlespur was following him too closely. Todd's answer was that he did not know since he could not see because of the steam. As the question was not answered one way or the other, the error, if any, was harmless.

The second question was directed to Waters, sole stockholder of appellant, who had testified that he observed the collision. After objection to the question as first asked, he was ultimately asked whether Riddlespur appeared to be weaving on the road. His answer was that if she was, he could not tell. The question as asked did not call for a conclusion but an observation and was error free.

6. The trial court did not err in refusing to admit four photographs offered by appellant depicting the scene with steam being emitted skyward from appellant's equipment on a bright sunny day, because they did not fairly represent the conditions existing at the time of the collision: i.e., cloudy, overcast and drizzling. When conditions are subject to change, photographs must be a representation of conditions at the time of the incident to be relevant. *Draffin v. Massey,* 93 Ga. App. 329 (4) (92 SE2d 38); *Rosenthal v. O'Neal,* 108 Ga. App. 54 (2) (132 SE2d 150). "The question of the sufficiency of the preliminary proofs to identify photographs, or to show that it is a fair or accurate representation of the objects which it purports to portray, is a question committed to the discretion of the trial judge. [Cits.]" *Johnson v. State,* 158 Ga. 192, 198 (123 SE 120).

7. There was no error in denying appellant's motions for a directed verdict and a new trial because of various evidentiary insufficiencies. Our examination of the evidence indicates that it was

sufficient to authorize the verdicts.

8. The remaining enumerations of error are either resolved by the foregoing findings or are not meritorious.

*Judgment affirmed in 60156. Appeal dismissed in 60157. Shulman and Carley, JJ., concur.*

ARGUED JULY 9, 1980 — DECIDED SEPTEMBER 10, 1980 — REHEARING DENIED NOVEMBER 25, 1980. IN CASE NO. 60156 —

*B. Daniel Dubberly, Jr.,* for appellant (case no. 60156).

*Richard D. Phillips, Van Cheney, W. O'Neal Dettmering, Jr., A. Rowland Dye,* for appellees.

*Richard D. Phillips,* for appellant (case no. 60157).

*B. Daniel Dubberly, Jr., Van Cheney, W. O'Neal Dettmering, Jr., A. Rowland Dye,* for appellees.