60411. PINKSTON et al. v. HAGIN.

CARLEY, Judge.

Appellee-Hagin, plaintiff below, instituted the instant action to recover for personal injuries sustained in a collision between his vehicle and that being operated by appellant-Pinkston, an employee of appellant-Randall & Lewis Lumber Company. The jury returned its verdict in favor of appellee and judgment was entered thereon. Appellants' motion for new trial was denied and they appeal.

1. On voir dire appellants' counsel inquired whether any member of the jury panel was acquainted with or had business dealings with appellee. Barney Baxter, a prospective juror, failed to respond to either inquiry. After the trial appellants took Baxter's deposition, in which he stated that, while they were not friends, he "knew" appellee and that perhaps twenty years before when appellee was working "for the Kaiser-Fraser Company" he had bought fertilizer from appellee. On the basis of Baxter's deposition appellants moved for new trial, contending that Baxter's failure to respond to the inquiries concerning acquaintance or business dealings with appellee deprived them of their right to select a fair and impartial jury. On appeal it is urged that the motion for new trial was erroneously denied on this ground.

We find appellants' argument to be without merit. Even assuming that there has been a showing that Baxter's failure to respond on voir dire was "untruthful" and that appellants were prejudiced thereby, the only evidence as to the alleged disqualification of Baxter was the deposition of Baxter himself. " '. . . [I]t is well settled that a juror will not be heard to impeach his verdict by showing his own incompetency or disqualification.' [Cits.]" *Moore v. Keller,* 153 Ga. App. 651 (266 SE2d 325) (1980). See also *Glennville Wood Preserving Co. v. Riddlespur,* 156 Ga. App. 578 (1980).

Compare, e.g., *Pierce v. Altman,* 147 Ga. App. 22 (248 SE2d 34) (1978).

2. "Under the Georgia Motor Vehicle Reparations Act (Code Ann. Chapter 56-34B), an insured person is 'exempt from liability to pay damages for non-economic loss unless the injury is a *serious injury* as defined in subsection (j) of section 56-3402b.' . . . Code Ann. § 56-3410b (a). Thus, the 'threshold' requirement for seeking recovery for pain and suffering (noneconomic loss) is met when the accident gives rise to a situation wherein a 'serious injury' as defined in Code Ann. § 56-3402b (j), is incurred." *Williams v. Kennedy,* 240 Ga. 163, 164 (240 SE2d 51) (1977). In the instant case, appellants requested a charge on this "threshold" requirement, in the following language: "The [appellee] cannot recover against the [appellants] in this action for non-economic loss, for pain and suffering unless you should first find from the evidence that the [appellee] . . . suffered a serious injury as hereinafter defined. Serious injury as used herein means . . . injury resulting in death, a fractured bone, permanent loss of sight or hearing, injury resulting in reasonably incurred medical expenses exceeding $500.00, or any injury resulting in disability for not less than ten consecutive days." The trial court failed to give this requested charge. Appellants' objection was overruled by the court on the ground that "the principle of the law and your request to charge . . . is encompassed within the general charge of the Court." Error is enumerated on the failure to give this requested charge.

Appellee urges that the uncontroverted evidence showed he had sustained a "serious injury" and it was not error to fail to give the requested charge. We do not agree. We have carefully studied the medical evidence in this case and find that, as in *Dabney v. Ammons,* 150 Ga. App. 737 (258 SE2d 551) (1979), the evidence is not uncontroverted that appellee's injuries were "serious" within the meaning of Code Ann. § 56-3402b (j). There was evidence which would authorize the jury to find that appellee's medical expenses and period of disability after the collision were incurred, at least in some part, as the result of appellee's pre-existing medical condition rather than the collision. At most, the evidence showed that appellee's injuries were an aggravation of his pre-existing condition. One of appellee's doctors, after stating at length appellee's condition before and after the collision, testified: "I'll put it like this. The automobile accident did not cause the problem. He had it before, so I'm assuming that this aggravated something that he already had." His other doctor testified: "[Appellee] in time . . . has not done as well since this accident, but what the cause and effect relationship is, I just can't say." Even if the appellee's doctors had testified unequivocally that appellee's post-collision disability and expenses were solely the result

of that collision—either directly or because of collision-caused aggravation of a prior medical condition—the jury would not be bound by that testimony. *Ocean Acc. & Guar. Corp. v. Lane,* 64 Ga. App. 149 (1) (12 SE2d 413) (1940). Under the evidence there was a question for the jury as to whether and to what extent appellee's disability and medical costs were attributable solely to his pre-existing condition rather than to the collision and whether the "threshold" requirement for seeking noneconomic damages against the appellants had been reached. In our opinion it was error to fail to give the requested jury instruction. "In the absence of a 'serious injury' the jury would not have been warranted in awarding [appellee] any damage for noneconomic losses under 'no-fault' coverage." *Dabney v. Ammons,* 150 Ga. App. 737, 738, supra.

Contrary to the trial court's assertion, we find nothing in the charge as given which supplies the missing legal principle of the "threshold" requirement for seeking compensation for noneconomic loss which was contained in the refused request. The court did instruct: "[I]f you find [appellee] is entitled to recover under the instructions given you, . . ., he would only be entitled to recover damages directly and proximately resulting from the negligence of the [appellants]. The [appellants are] not responsible for any physical infirmities which are attributable to natural causes and the [appellee] would not be entitled to recover damages for injuries or ailments that he experienced from any physical condition existing before such negligence, if any, of the [appellants], which the [appellants] did not aggravate or would the [appellee] be entitled to recover damages from the [appellants] for any injuries or ailments that the [appellee] may have experienced after said alleged negligence on the part of the [appellants] . . . but which were not connected with or result[ed] from the negligence of the [appellants]. In this connection the burden is upon the [appellee] to establish by a preponderance of the evidence just which of the damages and injuries or ailments of the [appellee] resulted from the negligence, if any, of the [appellants] and which of his damages and injuries or ailments, if any, were caused by some other source rather than the negligence of the [appellants]. . . I charge you, . . . that if you find that [appellee] had a pre-existing physical ailment or disease and you further find by a preponderance of the evidence that such ailment or disease was aggravated by the negligent acts of the [appellants] as alleged in [appellee's] complaint, then I charge you that [appellants] are liable for damages [for] such aggravation."

While the charge as given was an accurate statement of the law insofar as it went, at no time was the jury charged that before an award of noneconomic damages would be authorized it would first

have to find that appellee had suffered a "serious injury" as the result of appellants' negligence. In short, the jury was never instructed that appellee would not be entitled to damages for pain and suffering unless the jury first determined that the negligence of appellants had resulted in medical payments of more than $500 or disability for not less than ten days. Even if appellants' negligence resulted in injury to appellee, unless that injury were "serious," a recovery of pain and suffering would not be authorized. Absent a charge on the "threshold" requirement of "serious injury" the charge as given would authorize a recovery by appellee of noneconomic losses resulting from appellants' negligence even though less than $500 in medical expenses was reasonably incurred thereby or disability for less than ten days resulted therefrom. The "threshold" requirement for a recovery of damages for pain and suffering was a "serious injury" to appellee resulting from the negligence of the appellants, not merely injuries to appellee resulting from that negligence. "There being a question for the jury whether the disability and medical costs were attributable to the [pre-existing condition] rather than the [collision], it was . . . error for the trial court to [fail] to require the jury to determine the threshold issue of 'serious injury' so as to authorize a recovery for noneconomic losses." *Dabney v. Ammons,* 150 Ga. App. 737, 738, supra.

3. In several enumerations appellant urges that it was error to fail to give certain requested jury instructions. We have carefully considered the evidence in this case, the charge as given and appellants' refused requests. Other than the failure to give the requested instruction on "serious injury" discussed in Division 2, supra, we find no error. While the legal principles contained in appellants' requested charges were accurate statements of the law, the charge as given adequately and fairly covered these principles insofar as they were applicable to the evidence adduced at trial. *Seaboard C. L. R. Co. v. Davis,* 139 Ga. App. 138, 139 (2) (227 SE2d 915) (1976).

4. Relying upon *Calhoun v. Chappell,* 117 Ga. App. 865 (1) (162 SE2d 300) (1968), appellants enumerate error in the denial of their motion to strike the testimony of the officer investigating the collision. This argument is meritless. The officer clearly stated that he "based his report on what [he] saw there . . ." and any contention that the officer's testimony reconstructing the collision was based "merely" on hearsay is not supported by the transcript. There was no error in the trial court's evidentiary rulings with reference to the officer's testimony. *Bell v. Brewton,* 139 Ga. App. 463 (228 SE2d 600) (1976); *Massee v. State Farm Mut. Auto. Ins. Co.,* 128 Ga. App. 439 (197 SE2d 459) (1973).

5. There is no merit to the general grounds of appellants' motion for new trial.

6. Other enumerations of error, not supported in appellants' brief by argument or citation of authority are deemed abandoned pursuant to Rule 15 (c) (2) of this court.

*Judgment reversed. Quillian, C. J., and Shulman, P.J., concur.*

DECIDED JANUARY 7, 1981.

*Morton G. Forbes,* for appellants.
*Susan Warren, Charles H. Brown,* for appellee.