65372. FLEET TRANSPORT COMPANY, INC. et al. v. HOLLAND.

SHULMAN, Chief Judge.

Appellee instituted this action to recover for personal injuries she allegedly sustained in a vehicular accident in which her car was hit from the rear by a truck driven by appellant Shelton, owned by appellant Fleet Transport Company, and insured by appellant Transport Insurance Company. From a jury verdict and judgment of $55,187.20 in favor of appellee, appellants bring this appeal.

1. The first enumeration of error challenges the trial court's refusal to give the following charge requested by appellants: "At the time of the automobile accident involved in this case, there was in effect in the State of Georgia a statute known as the Georgia Motor Vehicle Accident Reparations Act. Under the provisions of this law, the defendants are exempt from liability to pay damages to the plaintiff for any alleged pain and suffering and other non-economic loss unless you find from the evidence that the plaintiff has sustained a serious injury. In this connection, the Court instructs you that a serious injury is defined as an accidental bodily injury which results in death, a fractured bone, permanent disfigurement, dismemberment, permanent loss of bodily function, permanent partial or total loss of sight or hearing, injury resulting in reasonably incurred medical expenses exceeding $500.00 or an injury resulting in disability for not less than ten (10) consecutive days. Therefore, if you were to find from the evidence in this case that the plaintiff did not

receive a serious injury as I have just defined that term, then and in such event, you would not be authorized to include in your verdict any sums for alleged pain and suffering or other non-economic loss." Appellee contends that the undisputed evidence shows that she sustained a "serious injury" (OCGA § 33-34-2 (13) (Code Ann. § 56-3402b)), thus permitting a recovery for non-economic loss (OCGA § 33-34-9 (a) (Code Ann. § 56-3410b)).

We disagree with appellee's contention that the evidence demanded a finding in her favor on the question of whether she sustained a "serious injury." She allegedly sustained a "whiplash" type of injury as a result of the accident in question. Evidence adduced on cross-examination of her treating physician revealed a history of neck and back problems, and x-rays taken several years before the accident showed "marked narrowing of the space between C-5 and C-6" and "loss of the usual lordosis" (spinal curve). Those were the same x-ray findings upon which her treating chiropractor evaluated her current problems. "We have carefully studied the medical evidence in this case and find that, as in *Dabney v. Ammons,* 150 Ga. App. 737 (258 SE2d 551) (1979), the evidence is not uncontroverted that appellee's injuries were 'serious' within the meaning of [OCGA § 33-34-2 (13) (Code Ann. § 56-3402b)]. There was evidence which would authorize the jury to find that appellee's medical expenses and period of disability after the collision were incurred, at least in some part, as the result of appellee's pre-existing medical condition rather than the collision . . . Even if the appellee's doctors had testified unequivocally that appellee's post-collision disability and expenses were solely the result of that collision — either directly or because of a collision-caused aggravation of a prior medical condition — the jury would not be bound by that testimony. [Cit.] Under the evidence there was a question for the jury as to whether and to what extent appellee's disability and medical costs were attributable solely to [her] pre-existing condition rather than to the collision and whether the 'threshold' requirement for seeking noneconomic damages against the appellants had been reached. In our opinion it was error to fail to give the requested jury instruction." *Pinkston v. Hagin,* 157 Ga. App. 2, 3 (276 SE2d 67).

2. We do not approve, however, of the first sentence of the requested charge. Although the principle of law is correctly stated in the charge and clearly applicable to the case, we see no reason why the jury should be told that the rule of law is derived from the "Georgia Motor Vehicle Accident Reparations Act." It is fundamental that all references to insurance should be kept out of the trial of a personal injury action, unless such disclosure is clearly necessary. *Goins v. Glisson,* 163 Ga. App. 290 (292 SE2d 917); *Moore v. Price,* 158 Ga.

App. 566 (281 SE2d 269). While the charge does not contain the words "insurance" or "no-fault," some jurors may recognize the no-fault act by name. In a charge such as the one in this case, jurors only need to be instructed as to what the law provides. Although the charge as submitted is correct, reference to the Georgia Motor Vehicle Accident Reparations Act adds nothing. Henceforth, trial courts should refrain from mentioning the no-fault act by name whenever possible.

3. Appellee argues that the "serious injury" issue was not contained in the pre-trial order and, therefore, not properly in the case. We find nothing in the pre-trial order that would prevent the issue from going to the jury if warranted by the evidence. The order provides that appellants "do not contest liability in this action and the extent of the plaintiff's injuries and damages is the sole question for determination by the jury." The "serious injury" issue is obviously a part of the general issue relating to the extent of appellee's injuries and damages. The pre-trial order and OCGA § 9-11-16 (b) (Code Ann. § 81A-116) did not prevent submission of that issue to the jury.

4. Appellants' second enumeration, that the trial court erred in charging the jury on the issue of permanent injury and disability, is without merit. There was ample evidence from which a jury could conclude that appellee, who was 64 years old at the time of trial, had sustained a permanent injury. *Southern R. Co. v. Clariday,* 124 Ga. 958 (53 SE 461); *Barker v. Crum Trucking Co.,* 137 Ga. App. 435 (224 SE2d 53).

5. Since appellants were entitled to their charge on "serious injury," the trial court erred in failing to grant their motion for new trial. *Pinkston,* supra.

*Judgment reversed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED APRIL 4, 1983 —
REHEARING DENIED APRIL 20, 1983 —

*Robert E. Corry, Jr., Michael T. Thornton,* for appellants.
*Alton M. Adams,* for appellee.