### A89A0185. CATO et al. v. GILLESPIE.
(381 SE2d 542)

CARLEY, Chief Judge.

In this medical malpractice action, a jury trial resulted in a verdict in favor of appellee-defendant and appellant-plaintiffs moved for a new trial. Included as a ground of appellants' motion was an allegation of "improper conduct" in that, "prior to the commencement of this action[,] at least one juror contacted an associate of the law firm employed by [appellee], and that associate advised that juror to attend jury service because the case was a medical malpractice case." Appellants appeal from the trial court's denial of their motion for new trial.

The trial court's failure to grant the motion for new trial on the ground of "improper conduct" is appellant's sole enumeration of error. The evidence shows the following: Dr. Roger Seklecki was summoned for jury service. Being a sole practitioner, he had some concern about his patients' care while he served as a juror. He phoned a friend to ask whether he had grounds for seeking to be excused from jury service. The friend happened to be an associate in the law firm that was representing appellee. The associate advised Dr. Seklecki that he would not be given special consideration simply because he was a medical professional and that he would most likely have to serve. At this point, the associate was completely unaware that Dr. Seklecki was a prospective juror in the trial of a case in which his law firm was representing appellee. When the associate did subsequently learn that the case against appellee had been scheduled for trial, he telephoned Dr. Seklecki. The associate told him only that it was a medical malpractice case that was set to be tried and that, as a medical professional, it was unlikely that he would be chosen as a juror for such a case. The associate did not mention the names of the parties to the action and did not discuss the facts of the case. The sole purpose of the second conversation was, according to the associate, merely to relieve Dr. Seklecki's concerns about what effect being called for jury service might have on his practice. After unsuccessfully seeking to be excused, Dr. Seklecki appeared for jury service. Dr. Seklecki was not a member of the jury panel of 24 from which the 12 jurors who actually

tried the case were selected. He was one of seven potential alternate jurors, but appellants used one of their strikes against him. None of the three alternate jurors who were selected ever sat on the jury.

On this evidence, the trial court clearly did not err in denying appellant's motion for new trial on the ground of "improper contact" between Dr. Seklecki and the associate in the law firm representing appellee. " '(T)he evidence . . . affirmatively reveals that the [associate] and the [potential] juror did not converse concerning the case or in reference to any matter that could have affected a fair trial of the same. This being a civil case, the trial judge did not commit reversible error in denying the motion. [Cits.]' [Cit.]" *Glennville Wood Preserving Co. v. Riddlespur*, 156 Ga. App. 578, 581 (3) (276 SE2d 248) (1980). Moreover, even assuming that the innocuous pretrial contact were grounds for disqualification of Dr. Seklecki from service as a juror, no reversible error would be shown. Dr. Seklecki's "name was not called before the twelve venirepersons who tried the case were selected, and no alternate actually sat on the jury; therefore, any error in qualifying [him] as a prospective juror was harmless." *Wilcox v. State*, 250 Ga. 745, 758 (6) (301 SE2d 251) (1983), overruled on other grounds, *Harris v. State*, 255 Ga. 464 (339 SE2d 712) (1986).

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED APRIL 3, 1989 —
REHEARING DENIED APRIL 19, 1989 — 

*Neal & Boone, Jack E. Boone, Jr.*, for appellants.
*Fulcher, Hagler, Reed & Obenshain, Gould B. Hagler*, for appellee.