A89A1438. MEDLIN et al. v. ROYSTON LUMBER & BUILDING SUPPLY, INC. et al.
(388 SE2d 861)

BENHAM, Judge.

Appellants, husband and wife, sued appellees, employer and employee, for injuries Mr. Medlin suffered in a collision between a car in which he was a passenger and a truck driven by appellee Harbert in the course of his employment with Royston Lumber, and for Mrs. Medlin's loss of consortium resulting from Mr. Medlin's injuries. Having sought damages of $141,760.14 for Mr. Medlin and $35,000 for Mrs. Medlin, appellants bring this appeal from a judgment entered on a verdict awarding him $15,000.78, and awarding her $1,000.

1. Appellants' first enumeration of error is that the trial court erred in denying their motion for new trial on the ground that the verdict was infected by improper contact between two jurors and the owner of the corporate defendant, Hart. Evidence adduced by appellants in support of that ground of their motion showed that they saw the jurors speaking to Hart and reported the contact to a bailiff; that the bailiff reported the contact to the trial judge, who directed the bailiff to instruct appellants to take the matter up with their attorney; that the bailiff did so; and that appellants did not tell their attorney until after judgment had been entered in the case. Evidence taken in opposition to that ground of the motion showed that Hart stepped out of the courthouse for fresh air while the charge conference was being conducted in chambers; that two jurors walked up to the courthouse and one of them greeted him; that he and the juror briefly discussed masonry work in progress across the street; and that no conversation related to the trial took place at all. There was no

evidence contradictory of that submitted in opposition to the motion.

Assuming that the issue was properly before the trial court (but see *Rogers v. Martin*, 32 Ga. App. 650 (1) (124 SE 358) (1924), holding that the issue is waived "when the party objecting had acquired knowledge of such fact before the jury retired"), there was no error in denying the motion on that ground because the uncontradicted evidence showed that no impropriety occurred. *Glennville Wood &c. Co. v. Riddlespur*, 156 Ga. App. 578 (3) (276 SE2d 248) (1980); *Rogers v. Martin*, supra, Division 2.

2. In their second enumeration of error, appellants complain of the denial of their motion for new trial on the ground that the trial court erroneously excluded from evidence redirect examination testimony of a physician whose videotaped deposition was introduced by agreement of the parties. Their complaint on this issue has two parts, one procedural and the other evidentiary.

Appellants first argue that appellees had no standing to object at trial to the admission of the redirect examination testimony because it had been stipulated at the taking of the deposition that all objections would be made at the taking of the deposition. The record does not support that assertion. The transcript of the deposition reveals that the parties showed some confusion concerning when and how objections would be made, but concluded their discussion of the matter with an agreement that the Civil Practice Act would control. As the trial court pointed out in its order denying the motion for new trial, OCGA § 9-11-32 (b) provides, subject to subsection (d) (3), that objections to deposition testimony may be made at trial on any ground which could be raised if the witness were present. OCGA § 9-11-32 (d) (3) (A) provides that objections not made at the taking of the deposition are not waived unless the ground of the objection was one which might have been obviated or removed if presented at the time. The objection here sustained was that the redirect examination was not directed at matters addressed on cross-examination, but was merely an effort to repeat testimony favorable to the plaintiff. That is clearly an objection which could be made if the witness were present and is one which could not be obviated if it had been made at the time of the taking of the deposition. Accordingly, we find no waiver of the objection.

Neither do we find error in the trial court's exclusion of the redirect examination testimony. The witness testified on direct testimony that Mr. Medlin had a specified percentage of disability. After cross-examination, during which the degree of disability was not addressed, appellants elicited testimony that the witness still assigned the same percentage of disability. "The extent of re-direct examination of a witness is left to the trial judge's sound discretion. [Cit.] The objected-to testimony was repetitive of [the witness's] prior testimony.

Further, it would not have rebutted the prior testimony [on cross-examination]. The trial judge acted within his sound discretion in refusing to allow the objected-to testimony." *Hortman v. Gresham*, 137 Ga. App. 253 (2) (223 SE2d 285) (1976). The denial of appellants' motion for new trial on that ground was not error.

3. The third and fourth enumerations of error are directed to the size of the jury's award to appellants. Appellants contend the awards are so grossly inadequate as to shock the conscience. "[T]he standard for the award of general damages for pain and suffering is the enlightened consciences of fair and impartial jurors. [Cits.] The general rule on appeal of an award of damages is that a jury's award cannot be successfully attacked so as to warrant a new trial unless it is so flagrantly excessive or inadequate, in the light of the evidence, as to create a clear implication of bias, prejudice, or gross mistake on the part of the jurors. [Cits.] Even though the evidence is such as to authorize a greater or lesser award than that actually made, the appellate court will not disturb it unless it is so flagrant as to 'shock the conscience.' [Cits.]" *Cullen v. Timm*, 184 Ga. App. 80 (2) (360 SE2d 745) (1987). Although the evidence in the present case may well have supported a greater award to appellants, we do not find the award so inadequate as to create an implication of bias, prejudice, or gross mistake. There was evidence of Mr. Medlin's continuing pain and difficulty in working, but there was also evidence of the degree of healing of the primary injury, a broken ankle, and of the fact that he was able to do some amount of work. Appellants contend that the juror contact addressed above, taken together with the size of the verdict, demands the conclusion of prejudice and bias. We cannot agree. The evidence showed the contact to be innocuous, and all that appellants can objectively show in support of this contention of error is the size of the verdict itself. Given all the evidence in the case, we do not find the award to be so inadequate as to warrant appellate interference.

4. Appellants' final enumeration of error is no more than a summary of the first four and presents no independent basis for reversal. Having found no reason in the first four enumerations of error, we find none in the fifth.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED NOVEMBER 8, 1989 —
REHEARING DENIED NOVEMBER 21, 1989 —

*Stephen C. Carter, William O. Carter*, for appellants.
*Webb, Carlock, Copeland, Semler & Stair, Kent T. Stair, Douglas A. Wilde, Rodger E. Davison, Blasingame, Burch, Garrard & Bry-*

*ant, Rodger E. Davison*, for appellees.