A98A1019. WRIGHT v. THE STATE.
(504 SE2d 261)

BEASLEY, Judge.

Judgment was entered against Gene Arthur Wright on three counts of rape (OCGA § 16-6-1), three counts of statutory rape (OCGA § 16-6-3), and one count of aggravated child molestation (OCGA § 16-6-4 (c)). The victims were three sisters, aged five, eight and nine. Error is claimed as to four rulings of the trial court: (a) refusal to admit an expert's testimony regarding whether the victims' videotaped statements were coached; (b) denial of new trial on the ground that during voir dire a juror mistakenly denied knowing one of the victims; (c) refusal of funds to hire an expert; and (d) the failure to merge rape and statutory rape convictions as factually duplicative.

1. Wright asked the court, unsuccessfully, for funds to hire a psychiatrist or psychologist to either interview the child victims or watch a videotape of their interviews with DFACS caseworkers "to determine the psychiatry or psychosis of these children, so that [the expert] can determine whether these children are, in fact, telling the truth or whether they've been counseled to say what they are saying."

Wright persuaded a psychologist to review the videotape pro

---

bono and proffered his testimony at trial. The psychologist testified the interviews were "very professional" but that he would have conducted them somewhat differently (e.g., a forty-one minute interview of a six-year-old was too long, the lead interviewer should have been an African-American female, and the interviewers should have used a white male doll and made the children more comfortable with the dolls). He also testified that the three children followed the same pattern in describing the sexual encounters and one child used the language of the interviewer in responding to questions, which factors, while not indicative of coaching, led him to believe there was a possibility of coaching. The court refused to admit the expert's testimony. Wright contends he simply wanted to expose the jury to interviewing techniques and possible signs of coaching.

"The opinions of experts on any question of science, skill, trade, or like questions shall always be admissible. . . ."[1] "Expert opinion testimony on issues to be decided by the jury, even the ultimate issue, is admissible where the conclusion of the expert is one which jurors would not ordinarily be able to draw for themselves; i.e., the conclusion is beyond the ken of the average layman. However, it is equally clear that the scope of what is admissible as expert opinion testimony is not unlimited. It is the established rule in Georgia, that where (a) the path from evidence to conclusion is not shrouded in the mystery of professional skill or knowledge, and (b) the conclusion determines the ultimate issues of fact in a case, the jury must make the journey from evidence to conclusion without the aid of expert testimony. A party may not bolster his case as to the ultimate issue with expert testimony when the jury could reach the same conclusion independently of the opinion of others. Furthermore, because the admission of such evidence, including a trial court's ruling on a motion in limine, is a matter resting within the sound discretion of the trial court, we will not disturb the trial court's ruling absent evidence of abuse."[2]

Judging credibility of a witness does not require the aid of experts in the science of psychology. In law, an expert witness "may not testify as to his opinion of the victim's truthfulness."[3]

*Barlow v. State*[4] is on point. Without avail, Barlow sought to introduce a psychologist's testimony that the detective's method of interviewing the child molestation victim was so flawed that it elic-

---

[1] OCGA § 24-9-67.

[2] (Citations and punctuation omitted.) *Carlock v. Kmart Corp.*, 227 Ga. App. 356, 361 (3) (a) (489 SE2d 99) (1997).

[3] (Citations and punctuation omitted.) *Jennette v. State*, 197 Ga. App. 580, 582 (3) (398 SE2d 734) (1990); see OCGA § 24-9-80 ("The credibility of a witness is a matter to be determined by the jury").

[4] 229 Ga. App. 745 (494 SE2d 588) (1997).

ited statements that were not credible. This Court affirmed, reasoning that the enterprise of "[q]uestioning children to ascertain truth is commonplace. Ordinary women and men can detect the suggestibility of leading questions even if they do not know the legal term for such answer-guiding queries. Ordinary women and men can determine the effect of surroundings and circumstances on a person's statements, which is precisely why the United States Supreme Court reversed the conviction in *Crane v. Kentucky*, 476 U. S. 683 (106 SC 2142, 90 LE2d 636) (1986). . . . [What is at issue is] whether the child's responses were truthful, considering her demeanor, behavior, manner of wording her responses, content of her responses, surroundings, and all other circumstances of her jury-observed out-of-court statements."[5]

Wright's jury not only saw the videotaped interviews for themselves but also heard and observed the three victims' direct and cross-examination as witnesses. The information thereby garnered sufficiently enabled the jurors to perform the task of assessing the truth of the testimony.

The court did not abuse its discretion in refusing to admit the psychologist's proffered testimony.[6]

2. During voir dire the juror who was later elected to be foreman did not respond when asked if he knew one of the victims named. He did not recognize her as someone he knew until she appeared at trial, when he realized she was one of the more than 600 students attending the elementary school where he was vice-principal. He did not so inform the court.

Wright learned of the juror's knowledge after trial, moved for a new trial, and presented as his only evidence the juror's oral testimony. The juror testified that his recognition of the victim did not influence his decision or his evaluation of her testimony. The court denied the motion, which ruling is subject to review for abuse of discretion.[7]

"In order to obtain a new trial, defendant[ ] must show that the juror failed to answer honestly a material question and that the correct response would have provided a valid basis for a challenge for cause. [Cits.]"[8] Wright's plea, that we should ignore this two-step test

---

[5] Id. at 747-748 (2); see *Campbell v. State*, 221 Ga. App. 135, 137 (470 SE2d 524) (1996) (court correctly refused to admit testimony of caseworker that earlier allegations were false based on the "possibility that the victim had been coached because of her use of [certain] phrases").

[6] See *Carlock*, supra, 227 Ga. App. at 361 (3) (b) (standard of review is abuse of discretion).

[7] *Gainesville Radiology Group v. Hummel*, 263 Ga. 91, 94 (428 SE2d 786) (1993).

[8] *Gardiner v. State*, 264 Ga. 329, 333 (3) (444 SE2d 300) (1994); see *Royal v. State*, 266 Ga. 165, 166 (2) (465 SE2d 662) (1996).

of the Supreme Court of Georgia and rely on older Court of Appeals' authority, is rejected.[9]

Wright did not pass the test. First, he failed to produce any probative evidence, which is essential.[10] "As a matter of public policy, a juror can not be heard to impeach his verdict, either by way of disclosing the incompetency or misconduct of his fellow-jurors, or by showing his own misconduct or disqualification from any cause."[11] This applies to both oral and written testimony[12] and obtains even if there is no objection to the testimony.[13] Where, as here, the only evidence presented at the motion for new trial is the testimony of the juror who incorrectly answered the voir dire questions, the defendant has failed to provide any probative evidence of the disqualification or bias and is not entitled to a new trial.[14]

The only two exceptions to this rule against a juror submitting testimony are "where extrajudicial and prejudicial information has been brought to the jury's attention improperly, or where non-jurors have interfered with the jury's deliberations."[15] Familiarity with witnesses is not covered in either of these exceptions.[16]

Second, even if the juror's testimony were admissible, Wright did not show that if the juror had answered correctly, the juror would have been excused for cause. Knowing a witness does not disqualify a juror unless it creates a fixed and definite bias in the juror's mind.[17]

---

[9] See *McCann v. Kelley*, 209 Ga. App. 179, 181 (433 SE2d 130) (1993) (Beasley, P. J., concurring specially) ("we are bound by the Supreme Court's decision in . . . *Hummel*").

[10] *Fidelity Nat. Bank v. Kneller*, 194 Ga. App. 55, 59 (1) (390 SE2d 55) (1989).

[11] (Citations omitted.) *Bowden v. State*, 126 Ga. 578 (1) (55 SE 499) (1906).

[12] OCGA § 9-10-9 ("The affidavits of jurors may be taken to sustain but not to impeach their verdict"); *PIE Nationwide v. Prickett*, 189 Ga. App. 77 (374 SE2d 837) (1988) (physical precedent only) ("This prohibition against the impeachment by a juror of his verdict extends to oral testimony offered at a hearing").

[13] *Reece v. State*, 208 Ga. 690, 691 (1) (69 SE2d 92) (1952).

[14] *Pinkston v. Hagin*, 157 Ga. App. 2 (1) (276 SE2d 67) (1981); *Glennville Wood Preserving Co. v. Riddlespur*, 156 Ga. App. 578, 580 (2) (276 SE2d 248) (1980), overruled on other grounds, *Centennial Ins. Co. v. Sandner, Inc.*, 259 Ga. 317 (380 SE2d 704) (1989); *Moore v. Keller*, 153 Ga. App. 651 (266 SE2d 325) (1980); see generally *Peagler v. Huey*, 183 Ga. 677 (3) (188 SE 906) (1936) ("The only evidence as to the alleged disqualification of a juror was an affidavit of the juror himself; and it is well settled that a juror will not be heard to impeach his verdict by showing his own incompetency or disqualification").

[15] (Citations omitted.) *Spencer v. State*, 260 Ga. 640, 643 (3) (398 SE2d 179) (1990); see *Sears v. State*, 268 Ga. 759, 768 (493 SE2d 180) (1997) (Carley, J., concurring in part and dissenting in part) ("This court has recognized constitutional limitations to the rule [against juror testimony] only in rare circumstances, where members of the jury intentionally gather extrajudicial and prejudicial evidence and communicate such information to the other jurors, or where non-jurors have interfered with the jury's deliberations") (citations omitted); see generally *Watkins v. State*, 237 Ga. 678, 683-685 (229 SE2d 465) (1976) (creating exception to rule because two jurors went to scene of crime, measured distances, and reported findings to full jury).

[16] *Joachim v. State*, 263 Ga. 816, 817-818 (3) (440 SE2d 15) (1994).

[17] See OCGA §§ 15-12-163; 15-12-164; *Carter v. State*, 224 Ga. App. 217 (2) (480 SE2d

Where the juror disclaims any bias or testifies he can lay aside his impression or opinion, the court is not required to dismiss the juror.[18] *Stiles v. State*, involving a juror who knew the witness, a deputy sheriff, illustrates instances where it was not error to deny a new trial.[19]

3. The next question presented is whether the court erred in refusing to authorize funds for Wright to hire an expert witness to evaluate the children's testimony.[20] No harm results where, as here, an expert provided the services free of charge.[21]

4. The final issue, whether the rape and statutory rape charges should have merged as a matter of fact, is procedurally defective. Wright "did not object in the trial court to the sentences imposed nor contend that the . . . offenses merged. Thus, the matter was not preserved for appellate review. [Cit.]"[22]

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED JULY 10, 1998.

*Bennett Law Firm, John D. Holt*, for appellant.
*J. David Miller, District Attorney*, for appellee.

---

266) (1997) (knowing witness is not basis for challenge for cause unless juror has fixed and definite bias); *Sapp v. State*, 222 Ga. App. 415, 417-418 (3) (474 SE2d 233) (1996) (same).

[18] *Davis v. State*, 229 Ga. App. 787, 788 (1) (a) (494 SE2d 702) (1997).

[19] (Citation omitted.) 264 Ga. App. 446, 448-449 (3) (448 SE2d 172) (1994); see *Munn v. State*, 208 Ga. App. 674 (1) (431 SE2d 447) (1993) (during voir dire juror did not know victim's name but recognized her when she entered courtroom during trial; no basis for new trial).

[20] See *Stephens v. State*, 224 Ga. App. 184 (1) (480 SE2d 235) (1997) (whether to allow funds to hire an expert witness is discretionary with the trial court).

[21] See *McBee v. State*, 228 Ga. App. 16, 21 (2) (491 SE2d 97) (1997) ("For a conviction to be reversed, appellant must show both error and harm").

[22] *Harwell v. State*, 231 Ga. App. 154, 158 (497 SE2d 672) (1998). Cf. *Wells v. State*, 222 Ga. App. 587, 588 (3) (474 SE2d 764) (1996) (physical precedent only) (court exercised its discretion to address merger question, even though waived by failure to object).