### 37743. GLOVER *v.* MADDOX *et al.*

Decided September 14, 1959—Rehearing denied September 29, 1959.

*A. Cecil Palmour, Cook & Palmour,* for plaintiff in error.
*Fullbright & Duffey, Clower & Anderson,* contra.

NICHOLS, Judge. ■ "It is well settled in this State that 'An exception based upon the refusal of the court to award a nonsuit will not be considered, where subsequently thereto the case is submitted to the jury, and after verdict being for the plaintiff a motion for a new trial is made which presents the complaint that the verdict is contrary to the evidence and without evidence to support it.' *Foremost Dairy Products Inc.* v. *Sawyer,* 185 *Ga.* 702, 716 (196 S. E. 436)." *Brannen* v. *Bowen,* 81 *Ga. App.* 430, 431 (59 S. E. 2d 7), and citations. See also *Hanover Fire Ins. Co.* v. *Elrod,* 91 *Ga. App.* 403 (85 S. E. 2d 821), and *Warwick Long Leaf Co.* v. *Zorn,* 95 *Ga. App.* 344 (98 S. E. 2d 62). Accordingly, in the present case, where the defendant filed a motion for new trial on the grounds that: ". . . Second. That the said verdict is contraray to the evidence in said case and without evidence to support it," no question is presented for decision by the assignment of error on the refusal to grant the defendant's motion for a nonsuit.

■ The first special ground assigns error on the admission of certain evidence over the defendant's objection. James Maddox, one of the plaintiffs, was being examined on direct examination and was asked: "Did that require some work on your part?" In reply to this question he testified: "Yes, sir. Mr. Alec Harris and Mr. Gary Hamilton. . . . Mr. John Maddox filed a very extensive brief in support of this petition [sic]." This

ground of the amended motion for new trial is incomplete for it is not understandable within itself and the page in the brief of the evidence where the evidence necessary to a clear understanding of the ground may be found is not set forth. See *Brewer* v. *Henson*, 96 *Ga. App.* 501, 503 (100 S. E. 2d 661), and *Kirby* v. *Whitlock-Dobbs*, 97 *Ga. App.* 159, 162 (102 S. E. 2d 631). Accordingly, this ground cannot be considered.

■ Special ground 2 assigns error on the failure of the trial court to rule out the response of the plaintiff to a question directed to him on cross-examination by the defendant's counsel which response the defendant contends was harmful and prejudicial and injected into the case the issue of "quantum meruit" which had previously been removed from the case by the decision of this court in the case of *Glover* v. *Maddox*, supra. The question asked and the answer given were as follows: "Judge Maddox, can you say on that occasion you didn't have any agreement with Mr. Glover relative to the sharing of fees or relative to division of fees in the event a recovery would be effectuated from the county?" Answer: "I definitely did not, and I definitely did not agree to represent or be associated with him on a contingent basis as to where I would get $5,000, because at that time he told me that the fees that were due were in excess of approximately $70,000; and I wouldn't make any such contract as that with Mr. Glover, realizing that Alec Harris and myself were going to have to do about ninety-five percent of the work, which we did."

It has long been established that a witness may explain why his memory is correct. In the case of *Scruggs* v. *Gibson*, 40 *Ga.* 511, 517, it was held: "We see no objection to Judge Gibson [a witness] stating, as evidence of the correctness of his memory, that he told his brother so and so just after the thing transpired. It is no evidence of what did transpire. That depends on the oath of the witness. This is but his reason for thinking his memory correct, and is nothing more than the frequent statement of witnesses that they are sure they remember correctly, because so and so." In the present case the plaintiff's statement objected to explained why the plaintiff believed his memory was correct and that his answer to the question

asked was correct. No error is shown by this ground of the amended motion for new trial.

■ Special ground 3 of the amended motion for new trial complains that the trial court expressed an opinion to the jury and abridged the defendant's right to cross-examination.

The trial court asked the defendant's counsel what the relevancy was of certain questions asked the plaintiff on cross-examination and concluded the colloquy between the court and counsel with the statement: "Go ahead, but let's not dwell on too many things outside."

It is obvious, and requires no citation of authority, that the ruling of the trial court did not limit the scope of the cross-examination, for he permitted counsel to continue.

The contention is made that such ruling expressed an opinion that "although they [the jury] should listen to it, it was not material to any issue." Since, for the reason shown in the fifth division of the opinion, the case might be tried again and the colloquy will probably not again take place, whether the statement attributed to the trial court was an expression of opinion will not be passed on.

■ The remaining special ground contends that a new trial should be granted because during the examination of prospective jurors one juror failed to inform counsel for the defendant, after being asked, that he had been represented by counsel for the plaintiffs. The juror who heard the case and participated in rendering the verdict had previously been represented by counsel for the plaintiff in an adoption proceeding and after verdict so informed the trial court and stated that he did not remember such fact at the time he was asked the question but that his verdict was based on the evidence and the charge of the court.

It is obvious that the juror, who was asked the question along with the rest of the panel, was under a duty to speak and that the failure to answer was tantamount to an oral response that he had never been represented by counsel for the plaintiff.

Without deciding whether the fact that a prospective juror had previously been represented by counsel would be *cause* for removing such prospective juror from the panel, nevertheless.

the Act of 1951 (Ga. L. 1951, pp. 214, 216; Code, Ann., § 59-705), provides that prospective jurors may be examined "touching any matter or thing which would illustrate any interest of the juror in the cause, including any opinion as to which party ought to prevail, the *relationship or acquaintance of the juror with parties or counsel therefor, any fact or circumstances indicating any inclination, leaning or bias, which the juror might have respecting the subject matter of the suit, or counsel or parties thereto,* and religious, social and fraternal connections of the juror." (Emphasis added). " 'A big part of the battle is the selection of the jury, and an impartial jury is the corner stone of the fairness of trial by a jury.' *Melson* v. *Dickson,* 63 *Ga.* 682, 686 (36 Am. R. 128); *Atlanta Coach Co.* v. *Cobb,* 178 *Ga.* 544, 548 (174 S. E. 131)." *Pickering* v. *Wagnon,* 91 *Ga. App.* 610, 612 (86 S. E. 2d 621).

The defendant was entitled to the information sought by the question propounded to the prospective juror and, upon receiving a false answer, permitted such person to serve as a juror against him when he may or may not have used a peremptory strike to remove such person from the jury had he known that the juror had been represented by the plaintiffs' counsel in an adoption proceeding. Whether he would have used such peremptory strike or would have permitted such juror to serve rather than some other person who he felt would not give him a fair trial presents no issue here, for under the Act of 1951, the defendant had the right to the information and the right to make a choice with it. No question of waiver is here presented, for he asked the question and received an erroneous answer which prohibited him from making an intelligent selection. No question of lack of diligence or waiver is here presented, as it was in the case of *Jennings* v. *Autry,* 94 *Ga. App.* 344 (94 S. E. 2d 629), where the defendant was apprised of a possible relative of the plaintiff being on the jury before trial and no investigation or individual examination of the juror was instituted until after verdict. Accordingly, the trial court erred in denying the defendant's motion for new trial and such judgment must be reversed.

■ The general grounds will not be passed upon since the

case must be tried again except to state that the evidence did not demand the verdict found for the plaintiffs.

*Judgment reversed. Felton, C. J., and Quillian, J., concur.*