## 40095. HENDRICKS v. THE STATE.

FRANKUM, Judge. 1. Where defendant files a special plea of autrefois acquit the burden is upon him to prove such plea. *Mance v. State*, 5 Ga. App. 229 (1) (62 SE 1053). Where such plea depends not upon a trial and jury verdict but on a discharge because of the failure of the court to try him on his demand for trial, it is essential to sustain such a plea that the defendant show either a formal order of discharge or that the demand was made, and that at that term of court and the next succeeding term, jurors were impaneled and qualified to try him and that he was present and ready for trial at both terms of court. *Roebuck v. State*, 57 Ga. 154; *Moore v. State*, 63 Ga. 165. The evidence in support of the plea of autrefois acquit here failed to show that a qualified jury was impaneled at the second term and that the defendant was in court and ready for trial. The defendant failed, therefore, to carry the burden of showing a formal acquittal on his demand for trial, and the trial court did not err in overruling and denying the plea.

2. Where a prospective juror in answering questions upon his voir dire stated that he did not know anyone connected with the case and that he did not know any of the witnesses called, and where it was thereafter made to appear that one of the essential witnesses for the State was a sister of the juror and that during the progress of the trial the juror and that

260

witness had lunch together, and where the witness further testified that she had probably at some time in the past discussed the case with the juror and had probably told him there were some irregularities in the election, it was error for the court to refuse to grant a mistrial upon a proper and timely motion made by the defendant. *Golden v. State*, 63 Ga. App. 765 (12 SE2d 108) ; *Shahan v. American Tel. &c. Co.*, 72 Ga. App. 749, 750 (2e) (35 SE2d 5) ; *Glover v. Maddox*, 100 Ga. App. 262, 265 (5) (111 SE2d 164) ; *Robinson v. Donehoo*, 97 Ga. 702 (3) (25 SE 491) ; *Styles v. State*, 129 Ga. 425 (59 SE 249, 12 AC 176). Jury trials must be kept free from suspicion of irregularity or impropriety of conduct, and counsel are entitled to have truthful answers given to questions which they are permitted by the trial court to propound to the individual jurors. The court erred in overruling special ground 1 of the motion for new trial.

Special ground 2 complains because the court charged the jury "that this case that you are, you have heard and that you are deliberating now is a misdemeanor." The record discloses that the jury had had considerable difficulty in reaching a verdict and had returned on at least one occasion and requested that the court recharge them in certain particulars. This portion of the charge was included in instructions given by the trial judge apparently of his own volition before the jury returned for their deliberations on the second day, and followed an instruction defining a misdemeanor, and the punishment therefor. Under all the circumstances of this case the language here complained of was calculated to impress upon the jury that the court was of the opinion that the State had proved that the defendant had committed a misdemeanor, and was error in violation of *Code* § 81-1104.

*Judgment reversed. Nichols, P. J., and Jordan, J., concur.*

DECIDED SEPTEMBER 4, 1963.

*Stow & Andrews, Robert E. Andrews,* for plaintiff in error. *Nat Hancock, Solicitor, James Horace Wood,* contra.