55860. PIERCE et al. v. ALTMAN.

SMITH, Judge.
Appellant Pierce brought a wrongful death action against Altman and received an unfavorable verdict. During voir dire, appellants' counsel asked if any member of the jury panel had ever been a defendant in a lawsuit for personal injuries, and a certain prospective juror failed to make any response. Both sides accepted this juror, and the jury elected him foreman. Subsequent to verdict, appellants' counsel discovered that this juror had in fact been a defendant in a personal injury action less than four years earlier; he filed a timely motion for new trial; the court denied it; and this appeal was filed. Concluding that the appellants were deprived of their right to select an impartial jury, we reverse the trial court's refusal to grant

a new trial.

Right of trial by jury is one of the foundation stones of our system of jurisprudence. The fate of the parties litigant literally rests in the hands of a jury. That is why each juror is placed on voir dire so that each litigant may see him, ask him questions and note his answers and reactions thereto in order to determine if he wishes to leave his fate in his hands. The litigants are guaranteed a fair and impartial trial by the Constitution and one of the ways the litigants obtain such a trial is by the selection of 12 men and/or women of his or her peers. The primary way to arrive at the selection of a fair and impartial jury is through voir dire questioning. Therefore, when a litigant asks a potential member of his trial jury a question he has a right to get a truthful answer. This is for two reasons: (1) The litigant must have certain background information on the jurors and he can get it only by asking questions; and (2) if he cannot depend upon the truthfulness of the answer then he cannot be certain he is getting a fair, just and impartial trial as guaranteed by the Constitution. The juror must realize that in our system of jurisprudence it is just as important for him to be truthful on voir dire as it is for the witnesses in the case to tell the truth. If the witnesses do not tell the truth, the juror cannot give a fair and just verdict. It is no less important for the juror to be truthful in answer to voir dire questions than the witness on direct and cross examination. If justice is to be blind, truth in the courtroom must never be doubted.

This case is controlled by our previous decisions in *Glover v. Maddox,* 100 Ga. App. 262 (111 SE2d 164) (1959); and *Hendricks v. State,* 108 Ga. App. 259 (132 SE2d 845) (1963). In *Glover,* a juror failed to inform counsel for the losing party that he had been previously represented by counsel for the prevailing party. The court expressly declined to decide whether the revelation would have been cause for dismissal of the juror, and the court discounted speculation as to whether counsel for the losing party would have used a peremptory strike to disqualify the juror. The essence of the holding was as follows: "Whether he would have used such peremptory strike or would have permitted such juror to serve rather than some other person who he felt would not give him a

fair trial presents no issue here, for under the Act of 1951 [Ga. L. 1951, pp. 214, 216 (Code Ann. § 59-705)], the *defendant had the right to the information and the right to make a choice with it." Glover v. Maddox,* 100 Ga. App. 262, 266, supra. (Emphasis supplied.) Likewise, in *Hendricks v. State,* 108 Ga. App. 259, 260, supra, where a juror denied knowing any of the witnesses but turned out to be the brother of an essential witness, the court said, "Jury trials must be kept free from suspicion of irregularity or impropriety of conduct, and counsel are entitled to have truthful answers given to questions which they are permitted by the trial court to propound to the individual jurors."

Under the Act of 1951, supra, a party is given the right to inquire into "any fact or circumstance indicating any inclination, leaning or bias which the juror might have respecting the subject matter of the suit . . ." In the context of personal injury actions, where pro-plaintiff and pro-defendant passions abound, a party is entitled to know of circumstances which might arouse such a bias in a prospective juror. And having recently been a party to a personal injury action might reasonably lead to a bias, at the very least, it is a circumstance about which a party has a right to inquire and about which he has a right to receive a truthful reply.

The appellees make much out of the failure of appellants to prove that some bias or prejudice in fact existed and in fact played a role in the jury's verdict. They assert that a showing of no more than a juror's failure to respond is insufficient to warrant a new trial. In some cases this would no doubt be correct. But here there is much more than a simple failure to respond. The question was most likely material to a determination of partiality, for bias could reasonably be expected to ensue from the circumstances inquired about. And if there was any bias here, even a subtle or vague one, its effect could be compounded by the fact that this particular juror has been elected jury foreman, which may well indicate that he has a charisma or prestige which would accentuate the impact of his opinions and augment his persuasiveness.

Finally, we distinguish *Geiger v. State,* 129 Ga. App. 488 (2) (199 SE2d 861) (1973), relied upon by appellees.

There, the juror failed to acknowledge that he had previously been a juror in a criminal case. Having previously been a *juror* in a similar case has an obvious qualitative difference from having previously been a *party* in a similar case. Further, the *Geiger* court noted that the appellant at least had a precise suspicion that the prospective juror had previously been on a criminal jury, and this particular juror, nevertheless, was accepted. The court did not rely on a waiver theory, but it did place considerable stock in the fact that the appellant did not exhaust his peremptory strikes in choosing the jury. Of course, in this case there is no showing that the appellant had any advance notice of the potentially prejudicial factor. *Geiger* was admittedly a close case, and it was proper there to require an affirmative showing of prejudice; in this case, the very nature of the potentially prejudicial circumstance obviates such a showing. We can safely conclude that the possibility of partiality was not remote, and that the trial was not "kept free from suspicion of irregularity or impropriety of conduct," and that, therefore, the appellant should be granted a new trial.

*Judgment reversed. Deen, P. J., and Banke, J., concur.*

Argued May 2, 1978 — Decided July 14, 1978 — Rehearing denied July 31, 1978 —

*Tom J. Crosby,* for appellants.

*Bouhan, Williams & Levy, James M. Thomas, Joseph B. Brennan,* for appellee.