## 61728. FALSETTA v. THE STATE.

DEEN, Presiding Judge.

Michael Falsetta appeals from his conviction of violating the Georgia Controlled Substances Act.

1. Appellant contends that the trial court erred in denying his motion for a new trial because one of the jurors failed to respond to a question during the voir dire of his jury panel.

During the voir dire examination of the panel, defense counsel asked: ". . . Are any of you either now or have you ever been in the past, employed by any law enforcement agency of any kind?" One juror, Mr. Tanner, replied: "I don't understand the question." Counsel explained: "What I'm asking you is are any of you either now or have you in the past before now ever worked for any law enforcement agency, by that the police department, State Patrol, G.B.I. or even as a security guard or anything like that? Tanner stated that he had been Chief of Police for Danville, Georgia. Counsel inquired: "Anyone else? Do any of you have any close family members who are affiliated with any law enforcement agency either now or in the past?" Two jurors volunteered information as to relatives who were employed as deputy sheriffs. Then counsel asked: "Anyone else? Are any of you friends of [certain named individuals]?" Several jurors responded affirmatively to the question.

The day after the verdict was returned against the defendant, Falsetta's counsel learned that one of the jurors, J. B. Brantley, Jr., had formerly been a policeman employed by the City of Dublin, Georgia. Counsel informed the trial judge of his discovery and filed a motion for a new trial with supporting affidavits showing that Brantley had been employed as a police officer from 1965 through 1967. In response to the motion, Brantley filed an affidavit claiming that he either did not hear or understand any question asking for information regarding his previous service as a police officer and did not recall any such question having been asked of him.

In *Pierce v. Altman,* 147 Ga. App. 22 (248 SE2d 34) (1978), this court held that appellant was deprived of his right to select an impartial jury when a juror who failed to respond to a question as to whether any of the jurors had ever been a defendant in a lawsuit for personal injuries was selected to serve on the jury and was elected foreman. After trial, it was discovered he had been a defendant in such a lawsuit four years earlier. Relying upon *Glover v. Maddox,* 100 Ga. App. 262 (111 SE2d 164) (1959), and Code Ann. § 59-705, the court held that a party is given the right to inquire into "any fact or circumstance indicating any inclination, leaning or bias which the juror might have respecting the subject matter of the suit."

The state's contention that appellant has failed to show that there was any prejudice in the jury verdict is without merit. Both the Federal and Georgia Constitutions guarantee the defendant in a criminal case the right to a trial by jury. Along with this right must also go the right to be tried by an impartial jury. The question posed by counsel to the jurors was to determine any bias or prejudice towards a criminal defendant. The juror's failure to respond would have been considered to be a denial of any past employment by a law enforcement agency and would have misled counsel into accepting the juror without an opportunity to question him about whether his past employment as a law enforcement officer would affect his ability to make an impartial decision in a criminal case. In view of the defendant's right to an impartial jury and the fact that he was entitled to the information sought by the question, the juror's contention that he either did not hear or understand the question cannot be considered as a valid excuse by this court. A juror has a duty to truthfully answer any question posed to him on voir dire and a concomitant duty to be attentive to the questions and to speak up when he does not understand a question. The record in this case shows that other jurors on the panel were very attentive by speaking up when a question was not understood and readily volunteered answers. For Brantley to claim to have either not heard or understood the question in view of all the conversation that transpired between counsel and the other jurors amounts to an admission that he was grossly inattentive to the whole voir dire process. Accordingly, we must reverse.

2. Appellant also asserts error in the trial court's failure to make a record of the material examined by the court pursuant to his Brady motion. As this case is reversed for retrial, we would like to refer the court to *Barnes v. State,* 157 Ga. App. 582 (1981).

3. The search warrant was not invalid for an insufficient showing of probable cause and the trial court did not err in failing to grant appellant's motion to suppress. The warrant showed that the informant was reliable and the affidavit supporting the warrant showed that the informant had given information in the past which led to the seizure of a drug smuggling aircraft and the arrest of two persons. She also stated that she had received other information during the six months preceding the date of the search warrant from the informant which had been checked and proven to be reliable. This information meets all the requirements set forth in *Galgano v. State,* 147 Ga. App. 284 (248 SE2d 548) (1978). Agent Black also stated in her affidavit that earlier that day she had been informed that a certain aircraft was at the Dublin airport with a quantity of marijuana inside it. She stated that she went to the airport and

observed the aircraft and found the one that was described by the informant. She looked in a window of the airplane and noted that the aircraft contained several wrapped bundles which in her experience were consistent with the packaging of marijuana and she also saw numerous gasoline cans and long-range fuel tanks which she knew were also used in drug smuggling activities. Thus, the informant's information was verified as reliable by the agent's own observations and we find that probable cause existed for the issuance of the warrant.

As this case must be retried and the remaining enumerations are all evidentiary issues, it is not necessary for this court to rule upon them.

*Judgment reversed. Banke and Carley, JJ., concur.*

DECIDED APRIL 28, 1981 —

*Johnny W. Warren,* for appellant.
*Beverly B. Hayes, District Attorney, A. Jeff Lanier, Assistant District Attorney,* for appellee.