38281. THOMAS v. THE STATE.

SMITH, Justice.
Appellant was convicted of murder and received a life sentence. One of the members of the jury that convicted appellant had served on the grand jury which considered the bill of indictment against appellant, and had been a participant in the return of the true bill. Appellant contends this circumstance entitles him to a new trial. We agree and reverse.

Appellant's case was called on Monday, June 22, 1981. Prior to impaneling the jury, the court read the names of those who had served on the grand jury that had indicted appellant. The court asked that all those present as trial jurors whose names were read from the grand jury list stand and make their presence known. Two did so. A Ms. McKennie did not, although her name had been read and she had served on the grand jury that had indicted appellant.

During voir dire, Ms. McKennie was asked the questions set forth in Code Ann. § 59-806, including, "Have you, for any reason, formed and expressed any opinion in regard to the guilt or innocence of the accused?" Ms. McKennie failed to answer this question in the

affirmative.

Ms. McKennie was ultimately selected as a juror. The jury returned a verdict of guilty on Tuesday, June 23, 1981. The next day, jury selection began in another case. The same list of grand jurors was read. This time Ms. McKennie stood. The court thereafter informed appellant's attorney of this circumstance. Appellant complained for the first time in his motion for new trial of Ms. McKennie's service on both the grand jury that indicted appellant and the trial jury that convicted him.

The State contends no reversible error occurred because appellant failed to exercise due diligence and did not timely object. The State relies on *Booker v. State,* 183 Ga. 822 (2) (190 SE 356) (1937), wherein this court held: "A failure by the accused to object, at the time of purging the jury, that a juror had served on the grand jury that returned the indictment, amounts to waiver of the disqualification, if the accused had knowledge of such fact or by proper diligence could have ascertained it." See also, e.g., *Green v. Caldwell,* 229 Ga. 650 (4) (193 SE2d 847) (1972).

It is true that "objections to irregularities must ordinarily be made at a time when they may be remedied, or they are waived. [Cit.] [However, a] failure to object may be excusable . . ." *State v. Williamson,* 247 Ga. 685 (279 SE2d 203) (1981). The question presented here is whether or not appellant failed to exercise due diligence.

"Right of trial by jury is one of the foundation stones of our system of jurisprudence. The fate of the parties litigant literally rests in the hands of a jury. That is why each juror is placed on voir dire so that each litigant may see him, ask him questions and note his answers and reactions thereto in order to determine if he wishes to leave his fate in his hands. The litigants are guaranteed a fair and impartial trial by the Constitution and one of the ways the litigants obtain such a trial is by the selection of 12 men and/or women of his or her peers. The primary way to arrive at the selection of a fair and impartial jury is through voir dire questioning. Therefore, when a litigant asks a potential member of his trial jury a question he has a right to get a truthful answer. This is for two reasons: (1) The litigant must have certain background information on the jurors and he can get it only by asking questions; and (2) if he cannot depend upon the truthfulness of the answer then he cannot be certain he is getting a fair, just and impartial trial as guaranteed by the Constitution. The juror must realize that in our system of jurisprudence it is just as important for him to be truthful on voir dire as it is for the witnesses in the case to tell the truth. If the witnesses do not tell the truth, the juror cannot give a fair and just verdict. It is no less important for the

juror to be truthful in answer to voir dire questions than the witness on direct and cross examination. If justice is to be blind, truth in the courtroom must never be doubted." *Pierce v. Altman,* 147 Ga. App. 22, 23 (248 SE2d 34) (1978).

Although specifically requested to do so, the juror in this case failed to alert the court to her service on the grand jury or to let the court know that she had formed and expressed an opinion as to the guilt or innocence of appellant as a result of having heard sworn testimony during the grand jury proceedings. Cf. *McKay v. State,* 6 Ga. App. 527 (65 SE 306) (1909). "[C]ounsel are entitled to have truthful answers . . ." *Hendricks v. State,* 108 Ga. App. 259, 260 (132 SE2d 845) (1963). We conclude that appellant was entitled to rely on the juror's answers absent actual knowledge of the incorrectness of those answers. *Falsetta v. State,* 158 Ga. App. 392 (280 SE2d 411) (1981).

The State's reliance on *Gober v. State,* 247 Ga. 652 (2) (278 SE2d 386) (1981), is misplaced. *Gober v. State* is inapplicable to a case involving, as this case does, an excusable failure to object at what would ordinarily be the proper time. The harm in this case is apparent and we are unable to say it is "highly probable that the error did not contribute to the judgment." *Johnson v. State,* 238 Ga. 59 (230 SE2d 869) (1976). As this case needs to be retried, the remaining enumerations of error need not be considered.

*Judgment reversed. All the Justices concur, except Jordan, C. J., who concurs in the judgment only.*

DECIDED APRIL 29, 1982.

*Jerry M. Daniel,* for appellant.

*H. Reginald Thompson, District Attorney, Robert J. Cropp, Assistant District Attorney, Michael J. Bowers, Attorney General, Nicholas G. Dumich, Assistant Attorney General,* for appellee.