## 66996. MARTIN et al. v. THE STATE.

BIRDSONG, Judge.

Theft by Taking (Shoplifting). Evelyn L. Martin and her two daughters, Evelyn P. Martin and Barbara Martin were convicted of obstruction of an officer while attempting to arrest the mother and two daughters. In addition, Mrs. Martin and her daughter Evelyn P. Martin were convicted of shoplifting. Each was sentenced to a misdemeanor punishment with weekend forfeitures of freedom and fines, as well as other accessory punishments, consistent with limited probation. Each appellant was represented by the same counsel and all three have presented identical enumerations of error. *Held:*

1. In relation to the conviction of the two Evelyns of the shoplifting charge, the state by accusation, charged each with unlawfully taking property of a Piggly Wiggly store, with intent to deprive the owner of the meat products involved by "removing" the meat products from the immediate place of display. No objection or demurrer was made to this accusation as laid and following the court's charge, the jury convicted each of these two appellants of the crime of "removing" the meat products from the place of display.

It is clear that the accusation was based on former Code Ann. § 26-1802 (b) (Ga. L. 1968, pp. 1249, 1290; 1974, pp. 468, 469; 1975, pp. 876, 877), rather than on the then current shoplifting statute set forth in Code Ann. § 26-1802.1 (now OCGA § 16-8-14 (a) (1)). A comparison of the then current shoplifting statute with the former version reveals that the first method of committing the offense as set forth in the earlier statute and charged in the accusation, i.e., "removes any such merchandise from the immediate place of display," did not carry over into the then current version of the statute. While there was evidence sufficient to support a finding that mother and daughter individually concealed the merchandise, had that crime been charged, the "removal" of the merchandise as alleged to be the crime in the accusation is, in and of itself, no longer a criminal act. As removal of

merchandise is an act a citizen may perform legally, it may not be punished as a crime. *Sowards v. State,* 137 Ga. App. 423, 425 (224 SE2d 85). See *Burnett v. State,* 152 Ga. App. 738, 739 (264 SE2d 33). An accusation charging a removal of merchandise from the immediate place of display is not an act of shoplifting cognizable under the criminal laws of this state. *Grizzle v. State,* 155 Ga. App. 91, 93 (4) (270 SE2d 311).

The state argues that the proper action to have been pursued by the Martins was to demur to the accusation. In absence of such a demurrer, the state argues the Martins have waived any deficiency. We would have no argument with such a position if the error was one of form. However, the fact is that the jury has convicted the Martins of conduct that is not a criminal act in this state. Thus the convictions of the two Evelyns upon such an accusation is wholly unwarranted under the law and is contrary to law. *Draper v. State,* 6 Ga. App. 12, 14 (2) (64 SE 117).

The former law was repealed in 1978 and the acts charged in the accusation did not occur until 1982; therefore, the possibility of sustaining a criminal act which occurred before the repeal of the criminal statute but after the accusation of that crime cannot be considered as constituting a demurrable waiver. See *Newsome v. State,* 2 Ga. App. 392 (58 SE 672). Accordingly, the two Evelyn Martins have been convicted of a non-crime and such a criminal conviction cannot stand.

2. All three of the Martins were convicted of the crime of obstructing a police officer as he was attempting to arrest the ladies, so far as he was informed, upon an allegation of shoplifting by concealing food products within their clothing or purses or by assisting each other in such a crime. During the voir dire of the veniremen, counsel for the Martins inquired if any of the jurors knew, among other witnesses, the manager of the Piggly Wiggly store victimized. One of the jurors subsequently admitted she knew the manager and, in fact, her daughter-in-law was related to the witness. The juror apparently believing that the question sought to identify those who were more intimately acquainted with potential witnesses (she being at best casually acquainted with the witness) remained silent and made no response to the inquiry, thus at least implying that she did not know the witness. This information became known to the defense team just as the jury was prepared to return its verdicts of guilty. Immediately after the verdicts were announced, the defense made known its concern and was directed to take up the matter post judgment. At a motion for new trial, the juror was called and admitted her casual acquaintance with the witness but denied she was influenced in her judgments by that relationship.

The state seeks this court to find harmless error in the juror's false silence urging that the transcript shows the error harmless as relates to the ultimate verdict. We cannot view the error so lightly. While we agree that if one ignores the valuable right of voir dire to effect the selection of an impartial jury, the developed facts show that the juror probably was ultimately fair in her decisions. However, we express more dedication to the concept of a trial by peers and of a defendant's right to have jurors selected after exposure and explanation of all apparent defects developed by voir dire. Were we to accept the position advanced by the state, we would for all intents and purposes emasculate the concept of voir dire. The trial court or this court could determine the propriety or acceptability of a juror by weighing the possible prejudice inherent in a juror's defect. This would thus deprive the counsel of the right fully to explore a defect, waive it, challenge the juror for cause, or simply peremptorily challenge the suspect juror.

In such an important area of jury trial procedure, we will not apply the harmless error rule where the effect of the error was to deprive counsel wholly of the right to examine into the qualifications of a prospective juror. This would deny the defendants the ability to ascertain that only the fairest and most impartial jurors obtainable under our jury system are to pass upon the question of guilt or innocence. See *Whitlock v. State,* 230 Ga. 700, 706 (5) (198 SE2d 865). See also *Thomas v. State,* 249 Ga. 339, 340-341 (290 SE2d 462); *Pierce v. Altman,* 147 Ga. App. 22 (248 SE2d 34). For this reason also the case must be reversed as to all three defendants.

3. Because this case must be reversed for the reasons set forth in Divisions 1 and 2 of this decision, we need not reach the other enumerations raised by appellants.

*Judgment reversed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 26, 1983.

*Richard T. Taylor,* for appellants.
*Beverly B. Hayes, District Attorney, William T. McBroom, Assistant District Attorney,* for appellee.