A90A0472. McNEAL v. THE STATE.
(395 SE2d 660)

POPE, Judge.

Defendant Willie James McNeal was indicted along with two others for felony murder and robbery in regard to a purse snatching incident in which the victim, an elderly woman, was injured and died

the following day from a heart attack. The three co-defendants were tried jointly. One of the co-defendants was convicted of both offenses, although his conviction for the underlying robbery was vacated because it merged with the felony murder conviction.[1] Defendant McNeal and the second co-defendant were convicted of robbery only. McNeal appeals.

1. During the voir dire of the jury, defendant's attorney asked if any of the jurors had relatives or "close friends" whom they saw "pretty regularly and talked to" who are in law enforcement. One of the jurors had already identified himself as a security guard. He did not respond to the question about friends or relatives in law enforcement. Defendant argues the trial court erred in denying his motion for new trial because the juror's failure to respond to the question was false or misleading.

At a hearing on defendant's motion for new trial the juror testified he worked as a security guard for a downtown Atlanta bank. Approximately six months before the trial of the case, he met a Fulton County Deputy Sheriff who was assigned to work at the bank for a one-week period during the Democratic National Convention in Atlanta in July 1988. He only saw the deputy sheriff during this one-week period and on one or two other occasions when he went to the county administrative offices to apply for a job with the sheriff's office. (The juror was not hired by the sheriff's office.) The juror considered the deputy sheriff to be merely an acquaintance and he testified that his acquaintanceship with the deputy did not prevent him from being impartial in the trial of the case. The testimony of the deputy sheriff at the hearing was consistent with that of the juror.

The undisputed testimony shows the juror and the deputy sheriff were not "close friends" and did not talk to each other "pretty regularly" and therefore the juror's failure to respond to the voir dire question was not false or misleading. Cf. *Martin v. State*, 168 Ga. App. 623 (2) (309 SE2d 899) (1983); *Falsetta v. State*, 158 Ga. App. 392 (1) (280 SE2d 411) (1981); *Pierce v. Aultman*, 147 Ga. App. 22 (248 SE2d 34) (1978) (in which new trials were granted because the juror did not respond to the voir dire question truthfully).

2. We reject defendant's argument that the trial court erred in refusing to admit into evidence the written transcripts and police report containing the prior inconsistent statements of a witness who identified defendant as one of the parties to the crime. The witness and the police officer were cross-examined concerning the prior inconsistent statements and the defendant's attorney was allowed to read

---

[1] The conviction of the co-defendant was affirmed by the Georgia Supreme Court in *Thaxton v. State*, 260 Ga. 141 (390 SE2d 841) (1990).

from the written documents during his closing argument to the jury. However, the court correctly ruled the written statements of the witness could not be taken into the jury room. See *Heard v. State*, 169 Ga. App. 609 (314 SE2d 451) (1984). Cf. *Lane v. State*, 247 Ga. 19 (4) (273 SE2d 397) (1981) and *Proctor v. State*, 235 Ga. 720 (221 SE2d 556) (1975) (in which the error in allowing a written statement to go out with the jury was harmless because the statement was consistent with the theory of the defense).

3. The court did not err in refusing to order the state to produce to defendant the actual tape recording of the witness's inconsistent statement since a transcript of the statement had already been produced.

4. During his opening statement, the prosecuting attorney indicated that defendant McNeal's photograph was added to a photographic lineup after the investigating officer interviewed one of the co-defendants. During the trial, the investigating officer testified he added co-defendant Thaxton's photograph to a photographic lineup after the interview. However, the witness never actually testified that defendant McNeal was added to the photographic lineup. As to defendant McNeal, the officer merely testified that he arrested McNeal. Defendant argues the opening statement and the officer's testimony violated his Sixth Amendment right to confront the witness because the co-defendant who provided the information to the officer did not testify. We disagree. First, the statement of the prosecuting attorney was not evidence. Secondly, the officer never testified that the co-defendant he interviewed identified or otherwise referred to defendant McNeal. The reference to the interview with the co-defendant merely explained the officer's subsequent actions. Although the testimony established that the defendant became a suspect after the interview with the co-defendant, no evidence was presented of any statement or confession of the co-defendant which implicated the defendant. Thus, there was no violation of the rule in *Bruton v. United States*, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968), that the admission of a confession, which implicates defendant, by a co-defendant who does not testify at trial deprives the defendant of his Sixth Amendment right to confrontation.

5. One of the co-defendants was convicted of both robbery and felony murder, thereby showing the jury found sufficient proximate cause to link the victim's death to the robbery. Thus, defendant argues his conviction of robbery was inconsistent with the acquittal of felony murder. However, the inconsistent verdict rule in criminal cases has been abolished. See *Milam v. State*, 255 Ga. 560 (2) (341 SE2d 216) (1986).

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED JULY 5, 1990.

John A. Pickens, for appellant.

Lewis R. Slaton, District Attorney, Joseph J. Drolet, Keith L. Lindsay, Richard E. Hicks, Assistant District Attorneys, for appellee.