A92A0539. HUMMEL v. GAINESVILLE RADIOLOGY GROUP,
P.C. et al.
(421 SE2d 333)

COOPER, Judge.

Appellant brought a medical malpractice action against appellees James C. Strittmatter and the professional corporation within whom he is employed alleging that appellees negligently breached the applicable standard of care in failing to timely diagnose breast cancer after a mammogram examination. The case proceeded to trial before a jury, which returned a verdict for appellees. Appellant moved the court for a new trial. The trial court denied appellant's motion, and this appeal followed.

1. Appellant enumerates as error the trial court's failure to grant a new trial on the ground that a juror violated his oath and failed to disclose pertinent information during voir dire. During voir dire, appellant's counsel asked whether prospective jurors had family members who had been diagnosed with breast cancer or other forms of cancer, the method of diagnosis, treatment and whether there had been any recurrence. One particular juror made no response, and he was eventually accepted by both sides. After the trial, appellant's counsel discovered that the juror's wife died in 1942 from carcinoma of the liver, and according to her death certificate, which was at-

tached to the motion for new trial, the contributing cause in her death was "[c]arcinoma of breast removed 2 yrs about 1 year ago. proven by biopsy [sic]." In opposition to the motion for new trial, appellees submitted the affidavit of the juror wherein the juror averred that he did not hear the question asked and that the cause of his wife's death did not influence his deliberation or judgment in the case. Appellees submitted the affidavits of two other jurors pursuant to OCGA § 9-10-9 in which they averred that the juror in question did not attempt to influence his fellow jurors, did not mention his deceased wife or her cause of death, and only expressed agreement with conclusions drawn by other jurors when his opinion was solicited.

"The public policy of this State is to keep jury trials free from suspicion of irregularity or impropriety of conduct. A method for assuring such, and an expression of the policy as a right, is provided in OCGA § 15-12-133. To implement the voir dire and its purpose, counsel are entitled to have truthful answers given to questions propounded to jurors. [Cit.]" *Fidelity Nat. Bank v. Kneller*, 194 Ga. App. 55 (1) (390 SE2d 55) (1989). "This is for two reasons: (1) The litigant must have certain background information on the jurors and he can get it only by asking questions; and (2) if he cannot depend upon the truthfulness of the answer then he cannot be certain he is getting a fair, just and impartial trial as guaranteed by the Constitution. The juror must realize that in our system of jurisprudence it is just as important for him to be truthful on voir dire as it is for the witnesses in the case to tell the truth. If the witnesses do not tell the truth, the juror cannot give a fair and just verdict. It is no less important for the juror to be truthful in answer to voir dire questions than the witness on direct and cross-examination. If justice is to be blind, truth in the courtroom must never be doubted." *Pierce v. Altman*, 147 Ga. App. 22, 23 (248 SE2d 34) (1978). "[P]rospective jurors may be examined regarding their 'relationship or acquaintance . . . with parties or counsel . . . and any fact or circumstance indicating any inclination, leaning or bias which the juror might have respecting the subject matter of the suit, or counsel or parties thereto.' It has been held that the failure to respond is tantamount to giving an untruthful answer. [Cit.] The question of whether or not the defendant showed harm is not controlling." *First of Ga. Ins. Co. v. Worthington*, 165 Ga. App. 303 (6) (299 SE2d 567) (1983).

Despite these principles, with which the trial court professes to agree, the court, relying on *Firestone Tire &c. Co. v. King*, 145 Ga. App. 840 (244 SE2d 905) (1978), determined that appellant made no showing of injury or bias; that a full response would have prompted her to strike the juror; or that an affirmative response would have provided a valid basis for challenge for cause. The court held that

appellant was not denied the benefit of an impartial jury based on the juror's "inadvertent" failure to respond to counsel's questions and that the alleged misconduct did not rise to the level of juror misconduct which would require the grant of a new trial. In *Firestone*, a products liability case wherein plaintiff's husband suffered brain damage, a prospective juror did not respond when asked whether any juror had a physical disability. During the trial, defendant's counsel discovered that the juror had an artificial leg. The court denied counsel's motion for a mistrial. In a post-trial affidavit, the juror indicated that she had not heard the question, that the loss of her leg, which had occurred 37 years earlier during a tornado, did not enter into her mind during deliberations and further that she did not consider herself to be disabled because she lived and worked with the artificial leg all of her adult life. This court concluded that because a response to the question would not have revealed a connection to the case at bar (citing *Glover v. Maddox*, 100 Ga. App. 262 (111 SE2d 164) (1959)) and based on appellant's failure to make a showing of actual injury or bias, the motion for mistrial was properly overruled. The court cited no authority for the latter conclusion.

In *Glover*, the court declined to decide whether the juror's response would have been cause for his dismissal or whether counsel would have disqualified the juror with a peremptory strike. "Whether he would have used such peremptory strike or would have permitted such juror to serve rather than some other person who he felt would not give him a fair trial presents no issue here, for under the Act of 1951 [OCGA § 15-12-133], the defendant *had the right to the information and the right to make a choice with it*." (Emphasis supplied.) Id. at 266. Moreover, the juror's false silence does not constitute harmless error in relationship to the ultimate verdict. *Martin v. State*, 168 Ga. App. 623 (2) (309 SE2d 899) (1983). "We cannot view the error so lightly. While we agree that if one ignores the valuable right of voir dire to effect the selection of an impartial jury, the developed facts show that the juror probably was ultimately fair in [his] decisions. However, we express more dedication to the concept of a trial by peers and of a [litigant's] right to have jurors selected after exposure and explanation of all apparent defects developed by voir dire. Were we to [find harmless error], we would for all intents and purposes emasculate the concept of voir dire. The trial court or this court could determine the propriety or acceptability of a juror by weighing possible prejudice inherent in a juror's defect. This would thus deprive the counsel of the right fully to explore a defect, waive it, challenge the juror for cause, or simply peremptorily challenge the suspect juror." Id. at 625.

"A juror has a duty to . . . be attentive to the questions and to speak up when he does not understand a question." *Falsetta v. State*,

158 Ga. App. 392 (1) (280 SE2d 411) (1981). The record reveals that numerous other prospective jurors were attentive and responsive to counsel's questions. Furthermore, the inquiry with regard to cancer comprises 16 pages of the trial transcript. The juror's claim not to have heard "the question in view of all the conversation that transpired between counsel and the other jurors amounts to an admission that he was grossly inattentive to the whole voir dire process." Id. at 393.

Based on the foregoing, we conclude the trial court erred in denying the motion for new trial.

2. Because this case must be reversed for the reasons set forth in Division 1, we need not reach the other enumerations of error.

*Judgment reversed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED JULY 9, 1992 —
RECONSIDERATION DENIED JULY 23, 1992 — 

*The Keenan Ashman Firm, Don C. Keenan, David S. Bills, Jeffrey W. Lasky, Alfred L. Allgood,* for appellant.
*Forrester & Brim, Weymon H. Forrester,* for appellees.