S92G1401. GAINESVILLE RADIOLOGY GROUP et al. v.
HUMMEL.
(428 SE2d 786)

HUNSTEIN, Justice.

We granted certiorari in this case, *Hummel v. Gainesville Radiology Group, P.C.*, 205 Ga. App. 157 (421 SE2d 333) (1992), to consider: "Whether the [opinion of the] Court of Appeals undermines the discretion of trial judges in matters of juror conduct and creates conflicting precedents." We conclude that it does and reverse the Court of Appeals.

Appellee, Hummel, brought a medical malpractice action against the appellants, James C. Strittmatter, M.D. and Gainesville Radiology Group, P.C., a professional corporation by whom Dr. Strittmatter was employed (hereinafter Gainesville Radiology), alleging that Gainesville Radiology's failure to detect her breast cancer following a mammogram constituted a negligent breach of the applicable stan-

dard of care owed to her. The case was tried before a jury which returned a verdict for Gainesville Radiology. During the voir dire examination of the jurors, Hummel's counsel asked the jury panel whether any of them or any member of their immediate families had been diagnosed as having breast cancer or any other cancer. The record of the voir dire examination reveals that juror Griffin, an 82-year-old man, failed to respond to the inquiry. The trial court noted that prior to voir dire, the jurors completed questionnaires. The questionnaire of juror Griffin, together with his demeanor, revealed that he was very possibly inattentive. Nevertheless, Hummel did not request his individual examination. Moreover, as further noted by the trial court, Hummel did not strike from the panel a number of jurors who answered the voir dire cancer questions affirmatively. Following the jury's defense verdict, Hummel's counsel learned that juror Griffin's wife had died in 1942 of cancer of the liver and breast. Hummel subsequently moved for a new trial based on, among other grounds, the juror's violation of his oath which, she argued, violated her right to a fair and impartial jury. In opposition to her motion and as permitted by OCGA § 9-10-9, Gainesville Radiology submitted the affidavits of juror Griffin, another juror, and the jury foreman. Juror Griffin stated that he simply had not heard the questions regarding cancer. The others averred that juror Griffin had not mentioned his wife or her illness nor had he attempted to persuade the other members of the jury as to any particular position during their deliberations. The trial court denied the motion. The Court of Appeals reversed, holding that the juror's silence, which the court regarded as tantamount to giving an untruthful answer, could not be construed as harmless error, relying on *Martin v. State*, 168 Ga. App. 623 (309 SE2d 899) (1983); *First of Ga. Ins. Co. v. Worthington*, 165 Ga. App. 303 (6) (299 SE2d 567) (1983); *Pierce v. Altman*, 147 Ga. App. 22 (248 SE2d 34) (1978); *Glover v. Maddox*, 100 Ga. App. 262 (111 SE2d 164) (1959).

OCGA § 15-12-133 was enacted to protect the crucial right of litigants to fair and impartial jurors and as such, it sets forth certain specific areas in which counsel shall have the right to examine members of the jury panel, including,

> any matter or thing which would illustrate any interest of the juror in the case, . . . the relationship or acquaintance of the juror with the parties or counsel therefor, [and] any fact or circumstance indicating any inclination, leaning, or bias which the juror might have respecting the subject matter of the action or the counsel or parties thereto. . . .

Id. To be sure, the process of voir dire would be rendered an ineffectual exercise if jurors were not required to give truthful answers to

the questions asked. See *Fidelity Nat. Bank v. Kneller*, 194 Ga. App. 55 (1) (390 SE2d 55) (1989). However, we do not construe OCGA § 15-12-133 to mean that any discrepancy between the response of a juror (or the lack of same) elicited on voir dire and the truth as counsel may subsequently discover it, is alone sufficient to support the grant of a motion for a new trial. Neither has the Court of Appeals consistently so construed that Code section. Some of the Court of Appeals decisions cited to us reveal an effort on the part of the court to make distinctions based on the subject matter of the pertinent voir dire inquiry; those bearing on matters enumerated in OCGA § 15-12-133 being regarded as questions to which an untruthful answer or non-response necessarily raises a presumption of bias or harm. That presumption, however, coupled with the loss of the movant's opportunity to have exercised a peremptory strike with respect to the offending juror, has resulted in new trials in a number of instances, including some in which there was evidence offered to show that no actual bias existed.[1]

In the present case Hummel has failed to demonstrate any bias or prejudice resulting from juror Griffin's failure to respond in that there was no showing that a truthful response from the offending juror would have caused Hummel to strike him from the jury and because other jurors averred that juror Griffin did not seek to persuade the other members vis-a-vis his wife's illness.[2] Moreover, although the question to which Griffin failed to respond may be characterized as one bearing directly on the subject matter of the litigation and therefore "most likely material to a determination of partiality . . . ,"

---

[1] See *Glover*, supra (denial of motion for new trial reversed where juror failed to acknowledge previous representation by plaintiff's counsel, notwithstanding that juror stated he merely forgot and rendered verdict on the evidence); *Pierce*, supra (denial of motion for new trial in personal injury case reversed where juror did not reveal that he was a defendant in a personal injury action four years earlier; the court acknowledged that even in the absence of a showing of actual harm, the question posed was one concerning circumstances from which bias might be expected and the potential for harm exacerbated by the influential position of the juror as foreman); *First of Ga. Ins. Co.*, supra (denial of motion for mistrial reversed where juror failed to respond that she was being represented by plaintiff's counsel in a minor matter even though the court conceded that counsel sincerely believed that she had not employed him; though no harm shown, bias might be presumed and opposing counsel could have exercised a peremptory strike, citing *Glover* and *Pierce*, supra). But see *Firestone Tire &c. Co. v. King*, 145 Ga. App. 840 (244 SE2d 905) (1978) (denial of motion for mistrial affirmed in products liability claim where one juror who had an artificial limb as result of injury incurred in a tornado 37 years earlier failed to answer affirmatively a question whether anyone was disabled because, she averred, she did not regard herself as disabled and in any event had not heard the question; the court noted the absence of any showing of actual harm or bias and distinguished *Glover*, supra, as inapposite as involving a voir dire question bearing directly on the subject matter of OCGA § 15-12-133).

[2] Although at first blush it would appear that Gainesville Radiology could better make an argument of bias in this regard it is not inconceivable that the juror could have shown favor toward them instead.

*Pierce*, supra at 24, we nevertheless reject the position the Court of Appeals has taken in *Hummel* that there could be no harmless error. Rather, we reiterate our agreement with the reasoning of the United States Supreme Court as expressed in *McDonough Power Equipment v. Greenwood*, 464 U. S. 548 (104 SC 845, 78 LE2d 663) (1984) and first adopted by this Court in *Isaacs v. State*, 259 Ga. 717 (44) (e) (386 SE2d 316) (1989). Under the *McDonough* test, where the failure of a juror to respond is the result of an honest mistake, the denial of a litigant's opportunity to have exercised a peremptory strike is not, without more, a deprivation sufficient to invalidate the private and social investment in a trial and a new trial should not be granted merely to accord a renewed opportunity to exercise those strikes *solely* because certain information was not obtained on voir dire. Accordingly, we hold that new trials will not be granted unless the movant can demonstrate that: "a juror failed to answer [or to answer] honestly a material question on voir dire, and then further show that a correct response would have provided a valid basis for a challenge for cause." *McDonough*, supra at 556.[3]

Therefore, as Hummel failed to make the required showing, we find no error on the part of the trial court in the exercise of its sound discretion in denying the motion for a new trial. The judgment of the Court of Appeals is reversed.

*Judgment reversed. All the Justices concur.*

DECIDED MAY 3, 1993.

*Forrester & Brim, Weymon H. Forrester, James E. Brim III*, for appellants.

*The Keenan & Ashman Firm, Don C. Keenan, David S. Bills, Jeffrey W. Lasky, Alfred L. Allgood*, for appellee.

---

[3] We further agree with the *McDonough* court in its observation that motions for new trial based upon alleged juror bias involve determinations best left to the sound discretion of the trial judge. *McDonough*, supra at 556.