A93A0189. McCANN v. KELLEY et al.
(433 SE2d 130)

COOPER, Judge.

Appellant brought an action against appellees alleging medical malpractice and negligence. The jury returned a verdict in favor of appellees and a judgment was entered thereon. Appellant filed a motion for new trial on the ground that one of the jurors failed to truthfully respond to one of the questions posed during voir dire. The trial court denied the motion and this appeal followed.

The trial of appellant's case commenced on February 24, 1992 and concluded the following day. During voir dire, appellant's counsel asked the following questions to the jury panel: "Are there any of you who have strong feelings or opinions one way or the other about lawsuits over personal injuries caused by acts of negligence on the part of a doctor? Some people have resistance in their minds to awarding monetary damages for pain and suffering, disability and loss of ability to enjoy life. Do any of you have any philosophical opposition to the award of damages in a case of this nature?"

The juror in question, Gary Scobee did not respond to either of the questions and was ultimately selected as one of the jurors and elected foreperson. On February 26, 1992, Scobee was a member of

another jury panel. Although there is no transcript of the voir dire in that case, appellant contends that the panel of jurors was asked the following question: "Is there any prospective juror who feels that a person is not entitled to, or should not bring a lawsuit against another individual?"

Appellant further contends that Scobee stated that he was personally opposed to lawsuits because of his beliefs as a Christian. In support of her motion for new trial, appellant submitted the affidavits of two persons from the jury pool who were in the courtroom during appellant's trial and who were on the same jury panel with Scobee during the second case. Both persons stated that the panel in the second case was asked a question similar to the questions posed by appellant's attorney concerning bias against lawsuits and that Scobee responded that as a Christian he was opposed to lawsuits. In opposition to appellant's motion for new trial, appellees submitted the affidavit of Scobee who averred therein that during the voir dire in appellant's case, he understood all of the questions asked by appellant's attorney and answered those questions truthfully; that during the voir dire on February 26, 1992, he stated that although he did not personally believe in suing people, his personal opinions would not cause him to treat the parties to a lawsuit unfairly; and that he believed that the law providing for compensation to victims of medical malpractice or professional negligence is good and just. The record reflects that Scobee was also selected as a juror in the February 26 case.

In two enumerations of error, appellant contends that the trial court erred in finding that Scobee's failure to respond to the questions posed during voir dire was truthful and in finding that it was unlikely that bias ensued from Scobee's failure to answer the question. OCGA § 15-12-133 provides that in civil cases, the attorneys for either party have a right to question the individual jurors about "any matter or thing which would illustrate any interest of the juror in the case, including any opinion as to which party ought to prevail, the relationship or acquaintance of the juror with the parties or counsel therefor, any fact or circumstance indicating any inclination, leaning, or bias which the juror might have respecting the subject matter of the action or the counsel or parties thereto, and the religious, social, and fraternal connections of the juror." "A juror has a duty to truthfully answer any question posed to him on voir dire and a concomitant duty to be attentive to the questions and to speak up when he does not understand a question." *Falsetta v. State*, 158 Ga. App. 392, 393 (280 SE2d 411) (1981). Citing *Hummel v. Gainesville Radiology Group*, 205 Ga. App. 157 (421 SE2d 333) (1992) appellant argues that her counsel's questions required Scobee to reveal any opposition he had to lawsuits and his failure to explain his feelings constituted an untruthful response. In *Hummel*, we held that a juror's silence during

voir dire was commensurate with giving an untruthful answer and could not be construed as harmless error. Consequently, we reversed the trial court's denial of appellant's motion for new trial. However, in *Gainesville Radiology Group v. Hummel*, 263 Ga. 91 (428 SE2d 786) (1993), the Supreme Court of Georgia reversed our decision in *Hummel*. The Supreme Court noted that a juror's duty to give truthful answers does not mean "that any discrepancy between the response of a juror (or the lack of same) elicited on voir dire and the truth as counsel may subsequently discover it, is alone sufficient to support the grant of a motion for a new trial." *Gainesville Radiology*, supra at 93. The Supreme Court of Georgia held that new trials shall not be granted "unless the movant can demonstrate that: 'a juror failed to answer (or to answer) honestly a material question on voir dire, and then further show that a correct response would have provided a valid basis for a challenge for cause.' [Cit.]" Id. at 94. Scobee stated in his affidavit that because of his personal beliefs, he would be reluctant to file a lawsuit against another person but that he had no bias against any individual who might choose to bring a lawsuit. Another juror who served on appellant's jury stated that Scobee never displayed any bias against either party and did not attempt to impose his will on the other jurors. Appellant has failed to make the requisite showing of bias or prejudice resulting from the juror's failure to respond. Therefore, we conclude that the trial court did not err in denying his motion for new trial. *Gainesville Radiology*, supra.

*Judgment affirmed. McMurray, P. J., concurs. Beasley, P. J., concurs specially.*

BEASLEY, Presiding Judge, concurring specially.

I concur because we are bound by the Supreme Court's decision in *Gainesville Radiology Group v. Hummel*, 263 Ga. 91 (428 SE2d 786) (1993). However, the purpose of the voir dire, burdened with exposing biases often encased in subtleties, is undermined. To relegate the warrant of new trial only to instances where truthfulness would have supported a challenge for cause eliminates the effectiveness of peremptory jury strikes. They cannot be knowledgeably exercised if based on false information. The jury selection process is thereby weakened.

DECIDED JUNE 24, 1993.

*Jones, Brown, Brennan & Eastwood, Taylor W. Jones, Myles E. Eastwood, Linda R. Greer*, for appellant.

*Long, Weinberg, Ansley & Wheeler, Earl W. Gunn, Patricia M.*

*Peters*, for appellees.